BROWN, BROTHERS & CO. *v.* THE BANK OF MISSISSIPPI.

1. CHANCERY: JURISDICTION.—A court of equity has no jurisdiction to entertain a bill filed by a creditor to subject the equitable assets or *choses in action* of his debtor to the payment of his debt, unless he has first obtained a judgment at law, and issued an execution which had been returned *nulla bona;* and the same rule prevails where the bill is filed to set aside a fraudulent assignment, made by the debtor of his property, and to subject it to the payment of his debts. See 11 S. & M. 366.

2. SAME: JURISDICTION: PLEADING.—The facts which constitute the ground of a suit, and which are necessary to confer jurisdiction on the court, must exist at the commencement of the suit; if they do not, the defect cannot be supplied by matters which have taken place since.

3. SAME: PLEADING: SUPPLEMENTAL BILL.—Where an original bill is wholly defective on account of its failure to allege certain indispensable jurisdictional facts, which were not in existence at the time it was filed, it cannot be made the basis of a supplemental bill, alleging the existence of these facts, and that they have taken place since the commencement of the suit; and hence, if an original bill

Brown et al. *v.* The Bank of Mississippi.

be brought by a creditor, to subject to his debt the equitable assets of his debtor before he has recovered a judgment at law, the defect cannot be supplied by a supplemental bill alleging the subsequent recovery of the judgment. See 1 Paige, 168; 4 Johns. C. R. 682.

4. SAME: JURISDICTION: WHEN OBJECTION TAKEN TO WANT OF.—Where a court of equity has jurisdiction, and is competent to give relief, a court of law also having jurisdiction; or where the jurisdiction has reference to the person, and the defendant appears and defends, without objection by demurrer or answer, he will be taken to have waived it, and it cannot be insisted on at the hearing; but if the bill shows a case not within the appropriate jurisdiction of a court of equity, the error is fatal in every stage of the cause, and cannot be cured by any waiver or consent of parties. See 2 Story, Eq. Pl. § 10; 7 Gill & Johns. 207; 3 Dessaus. 6; 2 Hill, (N. Y.,) 159; 2 Johns. C. R. 671.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

*F. Anderson,* for appellants.

The following points and authorities are submitted to the court on the jurisdiction of the court; and also on the question, whether on the *demurrer* of some of the debtors of the Bank of Mississippi, after the bank itself has *answered,* without objecting that complainant had not obtained a judgment at law, the bill will be dismissed as to the bank or other defendants who have answered.

1. Where the court is competent to grant the relief sought, an objection to the jurisdiction raised for the first time after answer filed is too late. *Howley* v. *Cromb,* 4 Cowen, 717.

2. The defendant cannot, at the hearing, insist that the complainant had an adequate remedy at law, if *no objection was made in the answer* to the *jurisdiction* on that ground. *Carroll* v. *See,* 3 Gill & Johns. 504; *Miller* v. *Furse,* 1 Bailey, Chancery, 187; *Underhill* v. *Van Kortland,* 2 Johns. Ch. 339, 369; 4 Ib. 287; *Burroughs* v. *M'Neil,* 2 Dev. & Batt. Ch. 297; 4 Paige, 377, 399; *Osgood* v. *Brown,* Freeman, Ch. R. 400; 5 Paige, 620; 1 How. (Miss.) R. 558. See also 2 United States Eq. Dig., title, Jurisdiction, 147, § 209.

The force of these authorities will be apparent when it is remembered that, in a case like this, the powers of the court are ample to give the relief, and that the relief prayed for, so far from being

inconsistent with the objects and duties of a court of equity, is *especially* within its *province*, if the complainants show themselves entitled to it; and that the only objection which is or can be made is, that there being a remedy *at law*, by obtaining judgment and execution, courts of equity will not interfere until that remedy has been tried.

If the above view is correct, it follows necessarily that the court, which certainly has the power to do so, (though it may dismiss the bill as to the party who has demurred to the jurisdiction,) will retain it as to those who have not objected, and therefore waived the only defence that can be *made*, or is made, under the demurrer.

For this reason, I insist that the decree drawn by Mr. Yerger, dismissing the bill as to all the parties, is erroneous.

*Yerger* and *Rucks*, for appellee.

Both the original and amended bills in this case were filed before complainants had recovered a judgment at law. The judgment relied on in this case is set out in the supplemental bill, and shows it to have been recovered after the filing of the original and amended bill. The principle that a creditor can only resort to a court of equity to reach the equitable assets of his debtor, in aid of an execution at law, is certainly too well settled to render it necessary to cite the numerous cases in other States sustaining it. The High Court of this State has repeatedly held, that a judgment and return of *nulla bona*, must first be obtained in *this State*, (a judgment in a sister State will not do,) before a creditor can come into a court of chancery to subject equitable assets, or set aside fraudulent conveyances. 9 Wend. Rep. 548; 2 M'Cord, Ch. Rep. 410; 6 Rand. 188; 5 S. & M. Rep. 545; 11 Ib. 366; 13 Ib. 65; 5 Iredell, Ch. Rep. 220; 6 Ib. 225; 1 Paige, Ch. Rep. 305, 615; 3 Porter, Rep. 470; 4 Johns. Ch. Rep. 671, 682; 3 Paige, Ch. Rep. 207. Nor will it aid complainants, to say that the directors of the bank were mere trustees, and that the assets are a trust fund for the benefit of creditors. Judge Clayton, in delivering the opinion of the court, in *Arthur* v. *Col. & R. R. Bank*, says: "In one sense, the assets of a bank do constitute a trust fund, for they cannot be lawfully diverted from the payment of debts; yet,

no creditor, unless he have a judgment, has such an interest in them, apart from an assignment, as will enable him to subject them to his debt." 9 S. & M. Rep. 430.

It is insisted, therefore, that neither the original nor amended bill, nor both combined, made such a case as the Court of Chancery could entertain. Does the supplemental bill help the case? Very clearly not. The original bill must state a case within the appropriate jurisdiction of a court of equity. If it fails in this respect, the error is fatal in any stage of the case, and cannot be cured by any waiver or course of proceeding by the parties. 1 Rob. Ch. Pr. 39; Story, Eq. Pl. § 10, p. 9. Consent of parties cannot give jurisdiction, (and a waiver can only be equivalent to a consent.) 7 How. Miss. Rep. 229; 4 S. & M. 549; 6 Paige, Ch. Rep. 95; 3 Dess. Rep. 6.

If the bill be filed *before* judgment at law, it must be *dismissed.* A judgment subsequently obtained, and set out in a supplemental bill, will not save it. *Williams* v. *Brown,* 4 Johns. Ch. Rep. 682.

The right to file the supplemental bill depends upon the jurisdiction of the court over the case made in the original bill. If the court has no jurisdiction of that, there is nothing on which the supplemental bill can be based. There is no case in court. In this case the authorities are most abundant to show that the court had no jurisdiction of the original bill. The bill makes out no case within the jurisdiction of the court. To give the court jurisdiction of the case the creditor filing the bill must be a *judgment* creditor *at the time* of filing his bill. That he became so *afterwards* will not aid the original bill, or authorize a supplemental bill to be filed to sustain the case, by showing that the complainant had became a judgment creditor after filing the bill. *Williams* v. *Brown,* 4 Johns. Ch. Rep. 682.

The objection to the want of jurisdiction of the original bill can be taken advantage of at any stage of the case, or in any way. The objection goes to the right of the court to decree in the case, and whenever it appears, will be acted on. Story, Eq. Pl. § 10, p. 9; 7 Gill & Johns. Rep. 191; 1 M'Cord, Ch. Rep. 242, 513; 2 Ib. 135; 3 Rand. 394; 2 Littell, Rep. 80; 4 Cow. 717; 2 Dana, 270; 4 Blackford, 356; 3 How. Miss. Rep. 34, 172; 6

Paige, Ch. Rep. 95; 3 Ib. 105; 5 Hemp. 50; 4 Mason, 435; 19 Maine Rep. 124; 2 Hill, (N. Y.) Rep. 159; 1 Barbour, R. 70; 2 Hay. 136.

A *judgment* creditor *only* can proceed in equity against a fraudulent conveyance. Cooke, Rep. 328; Meigs, Rep. 364; 5 Humph. 66; 2 Leigh, Rep. 84; 3 Ib. 299; 6 Rand. Rep. 188; 9 S. & M. 430.

Unless it be a corporation for charitable uses, equity will not interfere to prevent a breach of trust. 2 Johns. Ch. Rep. 384, 385.

*T. A. Marshall,* on same side.

HANDY, J., delivered the opinion of the court.

The appellants filed this bill in the Superior Court of Chancery, in April, 1843, claiming, as the holders of the bonds of the Bank of Mississippi to a large amount, and charging the directors of the bank with fraudulently using the assets of the bank for their individual benefit, and with wasting the same. Answers to the merits of the bill were filed in 1843, by the bank and several of the directors. In June, 1844, a supplemental bill was filed, stating, that in April, 1844, the complainants recovered judgment at law upon their claim against the bank, upon which the original bill was founded, and that execution thereon had issued, and had been returned "*nulla bona.*"

Exceptions were taken to the answers of the defendants, and sustained; and upon a rule made upon them to plead, answer, or demur, two of them demurred; and upon the hearing the demurrer was sustained; and upon motion made by the other defendants, the bill was dismissed for want of jurisdiction; and from that decree this appeal is taken.

It is universally agreed, that a creditor cannot go into a court of equity to subject equitable assets or *choses in action* of his debtor to the payment of his debt, until he has first obtained a judgment at law upon his debt, and issued execution, and had a return of "*nulla bona.*" *Farned* v. *Harris,* 11 S. & M. 366. And the same rule is well-established with regard to a creditor proceeding to subject property alleged to have been fraudulently conveyed.

The only questions, therefore, which can arise in this case are, First. Whether the fact that a judgment was obtained before the dismissal of the bill, will sustain the jurisdiction; and, Second. If the jurisdiction was not conferred thereby, whether the objection to the jurisdiction could be entertained and the bill dismissed for want of jurisdiction, when the principal defendant had answered without insisting upon that objection.

Upon the first point, we consider it to be the well-settled, general rule, that the facts which constitute the ground of a suit must exist at the time the suit is instituted; and if a material defect exists therein at that time, that it cannot be supplied by matters which have taken place since the institution of the suit, so as to maintain that suit. And it has accordingly been held, that if the original bill is wholly defective, it cannot be made the basis of a supplemental bill for matters which have subsequently taken place, nor can the defect be supplied by proof. *Caudler* v. *Pettitt*, 1 Paige, 168; *Williams* v. *Brown*, 4 Johns. Ch. R. 682. For the supplemental bill shows that the original bill was prematurely filed; and the proper course is for the complainant to dismiss that bill and file a new one. If the court had not jurisdiction of the case upon the facts as they existed when the original bill was filed, and as stated in that bill, there would be nothing on which the supplemental bill could be based; for that is a mere continuation of the suit originally and properly commenced.

Upon the second point, the rule is equally well settled. The objection here goes to the jurisdiction. In a class of cases where a court of equity has jurisdiction, and is competent to give relief, a court of law also having jurisdiction; or where the jurisdiction has reference to the person, and the defendant appears and defends, without objection to the jurisdiction, by demurrer or answer, he will be taken to have waived it, and it cannot be insisted on at the hearing. The cases cited from 4 Cow. 727, and 3 Gill & Johns. 504, are of this class.

But it is held by all the authorities, that, if the bill shows a case not within the appropriate jurisdiction of a court of equity, the error is fatal in every stage of the cause, and cannot be cured by any waiver or course of proceeding by the parties. Story, Eq.

Pl. § 10; *Barrett* v. *Oliver*, 7 Gill & Johns. 207; 3 Dessaus. 6; 2 Hill, (N. Y.) 159. For if consent cannot confer jurisdiction of the subject-matter, a mere negative act of waiver cannot have that effect. And whenever the court discovers that it has not jurisdiction to grant relief upon the case as made by the pleadings, it is its duty to dismiss the bill.

The case of *Brinkerhoff* v. *Brown*, 4 Johns. Ch. R., is strongly analogous to the present case, and fully sustains the propriety of the decree dismissing the bill.

Let the decree be affirmed.