ROBERT SCOTT et al. *v*. JOHN McFARLAND et al.

1. CHANCERY: CREDITOR'S BILL TO SUBJECT EQUITABLE ASSETS OF DEBTOR.—The complainant in a bill to subject the equitable assets of the defendant to the payment of his debt, must not only show that his debt has been reduced to a judgment, but that an execution has been issued thereon, and returned *nulla bona*. *Farrell* v. *Harris*, 11 S. & M. 366; *Brown et al.* v. *The Bank of Mississippi*, 31 Miss. 454.

2. CHANCERY: PLEADING: CREDITOR'S BILL: DEMURRER.—A demurrer to a bill must be determined according to its allegations, and as it stood at the time the demurrer was filed; and hence, where a creditor's bill was filed, which neither showed that the debt of the complainant, nor that of any other creditor intended to be embraced in it, had been reduced to judgment, and after a demurrer had been filed thereto, upon their motion, other creditors, whose debts had been reduced to judgment, were admitted as parties complainant, and allowed to prove their debts, it was held that the demurrer should have been sustained.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

*George S.* and *W. S. Yerger*, for appellants.

*George L. Potter,* on same side.

*W. Yerger,* for appellee.

HANDY, J., delivered the opinion of the court.

This bill was filed by the appellee, John McFarland, in behalf of himself and other creditors who might come in, against the appellants, as subscribers for stock in the Benton and Manchester Railroad and Banking Company, an incorporated company, which had ceased to exist by reason of failure to elect directors for several years, and also in consequence of a proclamation of forfeiture of its charter, issued by the Governor of this State, under the statute passed in February, 1840, authorizing such proceedings. The complainant claimed, as a creditor at large, in behalf of himself and other creditors who might come in, and the stockholders were sought to be made liable on the ground that they had paid but a small part of the stock subscribed for by them, and that they were liable to the creditors of the company for the residue as a trust fund for their use.

The defendants below filed a demurrer to this bill, in June, 1846, which was overruled in February, 1850. In the meantime, at June term, 1848, Robert Jaffray & Co., and Robert Patterson & Co., appeared, and suggested that they were judgment creditors of the company, and moved the court that they should be made parties complainant, and allowed to prove their debts upon an account to be taken against the defendants; which motion was granted. And subsequent proceedings were had in the cause, which resulted in the ordering of an account of the indebtedness of the defendants, which was made and reported, and a decree in favor of the original complainant, and Jaffray & Co. and Patterson & Co. for the amounts found due them, against the appellants.

1. It is manifest that the sufficiency of the bill was to be determined according to its allegations, and as it stood at the time the demurrer was filed. The bill, then, neither showed that the complainant nor any of the creditors whose claims were intended to be embraced by it, were judgment creditors, nor were any other creditors particularly named in it. It was necessary that the bill should show sufficient to sustain it; and as that was not the case,

the demurrer was well taken, and should have been sustained. It was not proper to allow its deficient allegations to be supplied after demurrer, by the mere suggestion of an alleged judgment creditor, that he was such, and claimed the benefit of the bill. The bill should have shown everything necessary to maintain the jurisdiction in equity; for the defendants were entitled to contest such material allegations in the regular course of pleading, and not to have facts so material to the jurisdiction and to the relief sought, to be brought in by mere motion and suggestion. Upon this ground, the demurrer should have been sustained, and the bill dismissed.

2. But, assuming the facts appearing by the suggestion of the *judgment* creditors to be true, if these facts had been stated in the bill, they were insufficient to sustain the bill.

The suggestion is merely that these parties were judgment creditors. There is nothing whatever to show that they had exhausted their remedies at law by having executions issued, which had been returned *nulla bona;* and it is well settled that a judgment creditor is not entitled to subject equitable assets to the payment of his debt, until he has taken such steps at law. *Farned* v. *Harris,* 11 S. & M. 366; *Brown et al.* v. *The Bank of Mississippi,* 31 Miss. 454.

The decree must be reversed and the bill dismissed.