Mr. Justice Olin
delivered the opinion of the court:
This is an appeal from a decree of the special term in equity, vacating a sale of sub-lot 8, square 365, in this city, made by the defendants "Warner and Morrison to the defendant Gatchell, appointing a new trustee and directing a resale of said lot, in a suit instituted by the complainant as a judgment creditor of the defendants Dulin and Moore.
The cause was heard on .the bill and the answers.
From the pleadings it appears that on December 11,1875, this lot was conveyed to the defendants Dulin and Moore subject to two deeds of trust thereon; the first to the defendants Warner and Morrison to secure the payment of a certain promissory note of the said Dulin and Moore for $2,000, the other to the defendant Saunders to secure another note for $500, made by the same parties.
On April 6, 1876, the complainants recovered a judgment on the law side of this court against the defendants Dulin and Moore for $200, interest and costs, and on May 12,1876, issued a fieri facias thereon.
On May 16, 1876, complainant filed his bill in this cause making the trustees under said deeds of trust and the holder of the note under the one last recorded parties thereto.
At the time of filing the bill the execution issued on complainant’s judgment had not been returned nulla bona, and it was not so returned until July 5,1876.
The complainants asked that the whole title to this lot, and certain other real estate mentioned in the bill, be sold, and the proceeds of sale distributed among the parties entitled.
On September 26, 1876, Warner and Morrison filed their *341 answer, stating that as trustees under said trust, and in pursuance of the provisions thereof, they sold the said lot to Gatchel on June 14, 1876, and had executed a deed of the same to him, and that on the 22d of the same month the latter conveyed the same to the defendant Warner and one 'William H. Ward to secure a note made by Gatchel to the order of George E. Emmons for §2,000.
The sale under the deed of trust and the execution of the deed to Gatchel, and of the trust to secure Emmons, all transpired prior to the return of the fieri facias on the complainant’s judgment against Dulin and Moore.
No proceedings were instituted by the complainant to set aside the sale made by said trustees after their answers disclosed that fact; no charges of fraud, irregularity, or incompetency on their part are made or even intimated; no offer to redeem made by complainant, or proof of any kind to show that the property sold for an inadequate price; the complainant simply relied on the bill as filed before the sale and the pleadings iu the cause.
A decree pro confesso was obtained against Dulin and Moore; all the other parties to the bill duly answered. Ward and Emmons are not made parties.
On February 15, 1877, the court below decreed that Dulin and Moore were indebted to complainant on their said judgment ; that he had filed his bill to enforce the lieu thereof against said lot; that the property was incumbered as stated; that defendants Gatchel, Warner, and Morrison were served with process May 17, 1876; that said lot had been sold by Warner and Morrison under said deed of trust and purchased at such sale by Gatchel; that said sale be vacated and set aside, and that said lot be sold by James M. Johnston, who was appointed trustee for that purpose, and proceeds brought into court.
From this decree Gatchel, Warner, and Morrison appealed.
It is now sought to reverse the decree below because—
First. The court could have no jurisdiction in the cause *342 until an execution on the judgment had been duly returned nulla bona.
That not being done until after the bill was filed, and after the sale by "Warner and Morrison under said deed of trust, the court was without jurisdiction in the premises.
Second. In a judgment creditor’s bill seeking payment of a judgment from the equitable interests of a defendant in real estate, a court of equity can sell no more than the interest of the judgment defendant, which in this case is the equity of redemption only.
Third. That the whole title cannot be sold in a suit of this character, in the absence of agreement to that effect on the part of those holding the legal estate or prior incumbrance, and that a court of equity is without power to remove trustees under a deed of trust executed in due form, or to interfere with their powers, vested rights, or duties thereunder, at the instance of a subsequent incumbrancer with notice of the trust, in the absence of fraud or incompetency on their part, or irregularity in the execution of the power.
On behalf of complainant it is insisted that it is not necessary in a case of this kind that a return of nulla bona be made by the marshal' before filing the complaint, and that the averment in the bill that, an execution had issued and that the judgment debtors have no property subject to execution at law, is sufficient to give the court jurisdiction, and that this fact may be proved before final hearing.
I am of opinion that it is absolutely necessary that the bill when filed aver that an execution has been issued and duly returned nulla bona, and that such fact appear before a court of equity has jurisdiction over the property of a debtor sought to be sold by a creditor, and that an averment, in the absence of such return, that the debtor has no property subject to execution at law, is not sufficient; and that the only evidence admissible to show that the creditor is without remedy at law, is the return of nulla bona by a proper officer.
The return is the highest proof known to the law. The Supreme Court of the United States, in the case of Jones v. *343 Green, 1 Wall., 330, says: “A court of equity exercises its jurisdiction in favor of a judgment creditor only when the remedy afforded him at law is ineffectual to reach the property of the debtor, and that when the aid of the court is invoked it looks only to the execution, and the return of the officer to whom the execution was directed. The execution shows that the remedy afforded at law has been pursued, and of course is the highest evidence of the fact. The return shows whether the remedy has proved effectual or not; and from the embarrassments which would attend any other rule, the return is held conclusive.”
The court below being wholly without jurisdiction wlien the bill was tiled, none could be acquired by an amended or supplemental bill so'as to affect vested rights acquired between the filing of the original bill and the amendment. (See 31 Miss., 454; 5 Bosw., (N. Y.,) 477; 5 Sand., 197.)
I am also of the opinion that it is not competent for a court' of equity, at the instance of a subsequent incumbrancer, to divest trustees under deeds of trust of the title to property vested in them by parties competent to contract, for a particular purpose, upon special confidence and with certain discretionary powers, and to substitute in their place, without their consent and of all interested in the premises, any other person or persons to make a sale of the property or to execute the trust, in the absence of fraud, incompetency, misconduct, irregularity, or the like. In this case no such consent appears, and there is not even an intimation or suspicion of any misconduct, incompetency, or irregularity on the part of the gentlemen who -made this sale.
Deeds of trust to secure debts are recognized in law as valid, and the authority granted to the trustees and its exercise are matters which rest wholly upon the convention of the parties thereto, and the contract and the rights of the parties thereunder cannot be disturbed by either a court of equity or of law, except upon certain well-known principles which govern all contracts. . ■
The court cannot by-main strength lay hold of trustees *344 under deeds of trust and divest them and other parties interested of their rights and powers thereunder.
In the case of The Bank of the Metropolis v. Gultschlick, 14 Peters, p. 19, it was held that in the case of a deed of trust, unless in case of some extrinsic matter of equity, a court of equity never interferes; and the only right of the grantor in the deed is the right to whatever surplus may remain, after sale, of the money for which the property sold.
Applying the principle laid down in this case to the one at bar, it is clear that there is nothing for the .complainant on his judgment, there being no surplus of the proceeds of sale after the payment of the $2,000 note secured under the trust, and that so far as this property is concerned the bill should be dismissed.
Had the court jurisdiction when the bill was filed, the only relief the complainant was entitled to, as against the trustees and the parties secured by the deeds of trust, was a discovery as to the amount due, so that the value of the equitable interest of Dulin and Moore could be ascertained and an intelligent sale made-
I am clear the decree for a sale of the whole title without the consent of the trustees and the beneficiary under the trust is erroneous. The decree below should be reversed and, as to the said lot 8, the bill be dismissed with costs.