R. B. Browne *v.* S. Hernsheim Bros. & Co. et al.

Chancery Court. *Jurisdiction. Creditor's bill. Debts not due.*

> The remedy in equity by creditor's bill, under § 503; code 1892, to set aside conveyances or other devices made to defraud creditors, lies only in favor of creditors whose debts are due when the bill is filed.

From the chancery court of Attala county.

Hon. T. B. Graham, Chancellor.

In January, 1893, a stock of goods of J. E. Browne, a merchant, was attached by R. B. Browne, his father, and by other creditors. This bill was thereupon exhibited by S. Hernsheim Bros. & Co. and other creditors, seeking, under § 503, code 1892, to vacate said attachments as collusive and fraudulent, and subject the goods to complainants' debts. Section 503, code 1892, provides as follows: "The said [chancery] court shall have jurisdiction of bills exhibited by creditors who have not obtained judgments at law, or, having judgments, have not had executions returned unsatisfied, to set aside fraudulent conveyances of property or other devices resorted to for the purpose of hindering, delaying or defrauding creditors, and may subject the property to the satisfaction of the demands of such creditors as if complainants had judgment and executions thereon returned no property found."

Decree for complainants, and R. B. Browne appeals.

*Smith & Land,* for appellant.

The bill fails to show that any of complainants' debts were due at the time it was filed. This is material. 12 Smed. & M., 550; *Ferguson* v. *Bobo,* 54 Miss., 121; 65 *Ib.,* 284. There being no right of action against the debtor, the suit cannot be sustained as to the other defendants. 6 Smed. & M., 61; 58 Miss., 399; *Soria* v. *Stowe,* 66 *Ib.,* 615.

*Dodd & Armistead,* for appellees.

WOODS, J., delivered the opinion of the court.

The demurrer of appellant to the bill filed against himself and others should have been sustained. The proceeding was an ordinary suit by a simple creditor's bill, and was prematurely filed. There is no single averment in it that any one of the debts sought to be enforced against the estate of J. E. Browne was due; and until the debt was due, there was no right of action. There being, at the time of the filing of the bill, no present right of action against the debtor, J. E. Browne, the suit was non-maintainable against any of his co-defendants. See *Wiggle* v. *Thomason,* 11 Smed. & M., 452; *Winston* v. *Miller,* 12 *Ib.,* 550; *Brown* v. *Bank,* 31 Miss., 454; *Salmon* v. *Smith,* 58 *Ib.,* 399; *Bank* v. *Buddig,* 65 *Ib.,* 284.

*Reversed and remanded.*