## Z. C. COLE *v.* STATE OF MISSISSIPPI.

CRIMINAL PROCEDURE. *Husband and wife. Failure to introduce. Comments by district-attorney. Duty of court.*

The law gives a defendant, accused of crime, the right, at his option, to introduce, or not to introduce. his wife as a witness; and a failure to place her on the witness stand is not a proper subject for comment by the prosecuting attorney. The trial court should see that the right is respected. *Johnson* v. *State,* 63 Miss., 313, cited.

FROM the circuit court of Lowndes county.

HON. NEWNAN CAYCE, Judge.

The appellant was indicted and tried for arson. On the trial the defendant, as a witness in his own behalf, swore to an alibi, but did not introduce his wife as a witness. The district attorney, both in his opening and concluding argument to the jury, commented upon the failure of the wife to testify in her husband's behalf, to prove the alibi, and drew inferences unfavorable to the accused from the failure, and defendant was convicted of an attempt to commit arson, and appealed.

*Z. P. Landrum*, for appellant.

There can be no doubt that it is error for the district attorney to comment upon the failure of a defendant to introduce his wife as a witness in his behalf in a criminal case. *Johnson* v. *State,* 63 Miss., 313. As said by Arnold, justice, in the case cited: "The fact that she (a wife) was not called was not a legitimate subject of discussion by counsel or of consideration by the jury. It is true that, generally, unfavorable inferences may be indulged against a party who fails to produce material and necessary testimony which is within his power and control, but this rule has never been applied to cases where the law, on grounds of public policy, has established privileges against be-

ing compelled to produce it.'' *Knowles* v. *People*, 15 Mich., 408.    But it is said that no objection in the court below was made to the arguments.    While the rule that a defendant should object at the time to any irregularity in the course of a trial may do very well in civil cases, it certainly has no application in a criminal case.    Suppose the defendant had been a deaf man, and was not represented by counsel.    The defendant is entitled to a fair and impartial trial, and it is the duty of the court to see that he gets it, and it is absurd to say that he has not had a fair and impartial trial because he himself does not secure it.

*S. M.* and *W. C. Meek*, on the same side.

It was none of the district attorney's business whether the defendant called his wife or not.    Prosecuting officers—we should say persecuting officers—should be taught that defendants in criminal cases have some rights, at least, which even they must respect, and not walk and talk before the jury to and fro like they were monarchs of all they surveyed.    *Johnson* v. *State*, 63 Miss., 313; 61 Miss., 717.

*Wiley N. Nash*, attorney-general, for the appellee.

I shall not discuss the assignment of error predicated of the district attorney's argument, but leave the matter to the better judgment of the court, with a single remark.    The defendant's counsel failed to call the attention of the court to the action of the district attorney, who doubtless, for the moment, had forgotten the statute upon the subject and the decisions of the court in construing the same; and also note the failure or omission of counsel for the defendant to call the attention of the presiding judge to the oversight of the district attorney in this regard.    The trial court's attention should be called to improper remarks of counsel, and objection made and exception taken at the time of their occurrence.    Such objection is matter of exception, as other matters transpiring at the trial; and it is too late to object for the first time on motion for a new trial.

*Kaggs* v. *Given*, 29 Mo. App., 612; 16 Am. & Eng. Enc. L., 528, note 1; *Moorehead* v. *H. & St. J. R. R. Co.*, 31 Mo. App., 581. It is settled by the decided weight of evidence that the failure of the court to interpose, when opposing counsel are present in court and do not ask the intervention of the court or object to the line of argument being pursued, will not entitle the party to a new trial. *S. L. & S. E. R. R. Co.* v. *Myrtle*, 51 Ind., 576.

WHITFIELD, J., delivered the opinion of the court.

Pretermitting an expression of opinion on any other error assigned, save the one that the district attorney commented on the failure of the defendant to introduce his wife as a witness in his own behalf, and drew inferences therefrom, we are constrained to hold, on the inconclusive character of the testimony in this case, as against Cole, that this was fatal error. There is an obvious distinction between mere general argument on the part of the district attorney outside the record, and drawing inferences unfavorable to a defendant, based upon his failing to do that which the law, on the grounds of public policy, gives him the option to do or not, as he may elect—as, for example, the option to introduce or not his wife as a witness in his favor. This legal privilege the law gives him, and the court which tries him is under the duty of securing to him, unimpaired by such adverse comment, to the end that he have a fair and impartial trial. *Johnson* v. *State*, 63 Miss., 316–317.

*Reversed.*