LEWIS GREEN v. STATE OF MISSISSIPPI.

[42 South. Rep., 797.]

CRIMINAL LAW AND PROCEDURE.  *Homicide.  Evidence.  Dying declara-tions.*

> In a prosecution for murder the defendant may introduce testimony
> showing a dying declaration of the decedent favorable to the
> defense.

FROM the circuit court of, second district, Perry county.

HON. WILLIAM H. COOK, Judge.

Lewis Green, the appellant, was indicted and tried for and
convicted of the murder of William Gordon, and sentenced to the
penitentiary for life, from which conviction and sentence he
appealed to the supreme court.

On the trial appellant sought, by the testimony of a witness,
to prove a dying declaration of deceased, made shortly before his
death.  This was objected to by the prosecution.  The witness
testified before the court, the jury being excluded, that the
deceased, Gordon, while at the point of death, asked witness to
send for a physician, stating that he was going to die; that Lewis
Green, appellant, had shot him, but was justifiable, as declarant
was about to shoot Green at the time.  The objection to the tes-
timony was sustained, the witness was not permitted to testify
touching the subject-matter before the jury, and appellant duly
excepted to the ruling.

*Sharborough & Eaton,* for appellant.

The lower court erred in not admitting in evidence the testi-
mony of Oscar Southwick to the effect that the deceased, while
at the point of death, had made statement to him of how the kill-
ing occurred.  This dying declaration was favorable to the
appellant, and corroborated the evidence adduced by him before

the jury. It was, in substance, that the appellant was justifiable, as Gordon was about to shoot appellant, when appellant shot in self-defense.

The declarant was conscious, when he made such statement to the witness, Southwick; he had received a fatal shot; death was inevitable, and, in order that no injustice be done to appellant, the dying man made the statement.

The theory upon which the dying declaration was excluded from the jury was, that a dying declaration favorable to defendant in a case of homicide is not admissible. But if such be the law, we have been unable, after diligent search, to discover it.

Wigmore, in volume 2 of his work on Evidence, section 1452, under the chapter on "Dying Declarations," says: "Owing to the present peculiar limitation of this evidence to public prosecutions for homicide and the tenor of the declaration usually made by the dying person, it has sometimes been argued that the declaration cannot be used by the accused. But this argument has no foundation whatever, and has been generally repudiated." As in the case at bar, appellant's defense was justifiable homicide, the dying declaration of Gordon would doubtless have been convincing to the jury of appellant's legal right to kill the deceased.

*J. E. Davis,* on the same side.

The dying declaration of the deceased should have been admitted to the jury. The declaration was freely and voluntarily made to the witness, Southwick, by the dying man who, while conscious of his death, yet knew what he was doing in making the statement. He had received a pistol shot in a vital spot, knew that he was soon to die, was shocked and in intense pain, and so conditioned he stated that the appellant was justifiable in shooting him, because he was at the time trying to shoot appellant.

The period of survival of a declarant after making a dying declaration is immaterial. 2 Wigmore on Evidence, sec. 1441.

Dying declarations are not limited to the prosecution's use, but may be used by either party. 2 Wigmore on Evidence, sec. 1442; Abbott's Crim. Trial Brief (2d ed.), 466, citing the *Mattox case,* 146 U. S., 140 (36 L. ed., 917); *People* v. *Southern,* 120 Cal., 645.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The question whether it was error in the lower court to exclude from the jury the testimony of Southwick in regard to the alleged dying declaration of the deceased, is respectfully submitted to the court.

CALHOON, J., delivered the opinion of the court.

It was error to refuse the testimony of Oscar Southwick touching the dying declaration of William Gordon, who was killed by appellant, for which he is indicted.

*Reversed and remanded.*