EUGENE JOHNSON v. STATE OF MISSISSIPPI.

[47 South. 897.]

CRIMINAL LAW AND PROCEDURE. *Witnesses. Husband and wife. Fail-ure of husband to call wife. Argument.*

The failure of the husband to call his wife as a witness for him in a criminal case is not a proper subject of comment by counsel.

FROM the circuit court of, first district, Yalobusha county.

HON. SAMUEL C. COOK, Judge.

Johnson, appellant, a negro, was indicted and tried for an assault and battery with intent to murder one Green, was convicted, sentenced to the penitentiary for seven years, and appealed to the supreme court.

The opinion of the court sufficiently states the facts.

*Creekmore & Stone,* for appellant.

The record shows that the district attorney in the court below was allowed, over the objection and protest of appellant, to state and to reiterate both in his opening and closing arguments to the jury, that the appellant had not placed his wife upon the witness' stand in his behalf; and this without one word of correction from the court. The action of the district attorney was too plainly in violation of the statute to need citation of authority. The appellant's wife had separated from him and begun to live with Green some short while before the time of the appellant's assault upon Green for which appellant was indicted. She had been continuously since then hostile to appellant, had never lived with him since the assault, and was summoned as a state's witness at the trial, her name being upon the back of the indictment, together with the names of the other state's witnesses. At the trial she was in the witnesses' room adjacent to the court room where the trial was conducted, and

was evidently ready and anxious to testify against appellant, irrespective of the truth. It was reasonable for appellant to presume, under the circumstances, that she would hardly testify truthfully in his favor, as she wanted to get rid of him because of her strong infatuation for Green, the negro assaulted by appellant.

The learned district attorney went in argument far beyond his province. *Cole v. State,* 75 Miss. 144, 21 South. 706; *Byrd v. State,* 57 Miss. 243; *Johnson v. State,* 63 Miss. 313; *Scott v. State,* 80 Miss. 197, 31 South. 710. See also *Graves v. United States,* 150 U. S. 118, 37 L. Ed. 1921.

*George Butler,* assistant attorney-general, for appellee.

Under the decisions of *Cole v. State,* 75 Miss. 142, 21 South. 706, and *Johnson v. State,* 63 Miss. 313, the remarks of the learned district attorney to the jury in the court below constituted error. Whether the appellant's own testimony does not conclusively show his guilt of the charge is respectfully referred to this court.

FLETCHER, J., delivered the opinion of the court.

This was a prosecution for assault and battery with intent to kill and murder. The evidence was conflicting as to which party fired the first shot, and, indeed, as to who was the aggressor in the difficulty.

The special bill of exceptions contains the following statement: "In the concluding argument by the district attorney, he said: 'Gentlemen of the jury, there is another witness to this difficulty. Where is she? Where is the wife he says he loved so dearly? Where is the wife he called his baby? If the defendant had wanted a fair hearing of this case, if he had been willing that the circumstances of the fight be fairly investigated, why did he not put her on the stand? The state could not have her sworn and put on the stand, and the defendant could have done so. Where is she?' And the district attorney then pointed to

the witness room. To the use of all of said language to the jury the defendant then and there objected, and moved the court to instruct the jury orally to disregard them, which objections and motions were overruled by the court, to which action of the court the defendant then and there excepted."

There is a much stronger case for reversal than was *Cole v. State,* 75 Miss. 142, 21 South. 706, in which case this court held flatly that the district attorney should not comment upon the failure of the wife to testify; for in that case it does not appear, as here, that timely objection was made, and that the district attorney proceeded in his improper argument with the full knowledge of the court.

*Reversed and remanded.*