### SMITH v. STATE.

[73 South. 793, Division B.]

1. ABORTION. *Attempts. Indictment. Sufficiency.*

Under Code 1906, section 1235, making it manslaughter to administer or use medical or other means with intent thereby to destroy an unborn child and thereby destroy such child, unless the same shall have been advised by a physician to be necessary etc., and section 1049, providing that every person who shall attempt to commit an offense and shall do any overt act towards the commission thereof, but shall fail, etc., on conviction shall be punished etc. An indictment which charges that defendant did willfully, unlawfully, feloniously design and endeavor to kill, abort, and destroy one unborn quick child, then and there in the womb of a woman then and there pregnant, by willfully, unlawfully and feloniously administering to and inserting in the womb of the said woman certain foreign substances etc., with the felonious intent then and there the said unborn quick child, in the womb of said woman as aforesaid, willfully, unlawfully and feloniously to kill, abort and destroy, contrary to the form of the statute etc., sufficiently charges the crime of an attempt to commit an abortion.

2. INDICTMENT AND INFORMATION. *Negativing exceptions. Necessity.*

The exception in section 1235, Code 1906, defining abortion "unless the same shall have been advised by a physician" etc., need not be negatived as it is an affirmative defense, which if relied

upon must be shown by the defendant or appear affirmatively in the evidence.

3. INDICTMENT AND INFORMATION. *Negativing exceptions. Sufficiency.* An indictment' for abortion which avers that it was unlawfully and feloniously done, negatives its lawfulness.

4. ABORTION. *Criminal prosecution. Instruction..*

In a prosecution under Code 1906, section 1234, for attempting to commit an abortion, an instruction that, if the jury believe beyond a reasonable doubt from the evidence that accused willfully, unlawfully, and feloniously inserted in the uterus or womb, of a woman a rubber catheter and gause with the intention and purpose of causing an abortion or destroying an unborn quick' child, then in said womb, he is guilty as charged in the indictment, and the court further charges the jury that this is true even though you may believe from the evidence that the woman was an unmarried woman, and that said unborn child was an illegitimate one, was a proper instruction.

5. WITNESSES. *Criminal prosecution. Character of evidence. Cross examination.*

Where in a prosecution for attempting to commit an abortion the defendant introduced witness to prove his character as to the trait charged, it was not error to permit the witness on cross-examination to state that they had heard charges of this kind against defendant before, but that they knew personally nothing of these matters, since the defendant having put his character as to this charge in evidence, it was permissible for the state' to cross examine the witness in this way.

6. CRIMINAL LAW. *Trial. Comments of district attorney.*

In a prosecution for attempting to commit an abortion it was re-.versible error for the prosecuting attorney to comment to the jury on the failure of the defendant to introduce his wife as a witness.

APPEAL from the circuit court of Amite county.

HON. R. E. JACKSON, Judge.

F. C. Smith was convicted of attempting to commit an abortion and appeals.

The facts are fully stated in the opinion of the court.

*R. S. Stewart,* for appellant.

The indictment undertakes to charge an attempt to cause an abortion presumably under section 1049,

Code 1906, as this is the only statute under the Mississippi Laws, relating to the crime of attempt.

A demurrer to this indictment was interposed, raising among other points the following: (a) There is no such crime as an attempt to cause an abortion by the doing of the things set out in the indictment; (b) if there is such a crime, then the indictment does not charge it. The demurrer was by the court overruled, and this is assigned as one of the errors committed upon the trial of this cause.

Is there such a crime known to the law as an attempt to cause an abortion, which if completed only amounts to manslaughter? There are statutes of several states specially providing that the administration of drugs, the use of instruments or any other attempt made to cause an abortion is in and of itself a crime, and is in and of itself punishable by a distinct statutory provision, forbidding such administration of drugs, use of instruments or other means, intending to cause an abortion, but the true rule seems to be that in the absence of any such statute, the offense is not complete and is not punishable, unless and until an abortion or death of the mother is had; in other words, in the absence of a special statute on the subject, the true rule seems to be that any and all acts done in the furtherance of the abortion, short of an actual abortion, constitute no crime. 1 Cyc., pages 173, paragraph "G"; *Commonwealth* v. *Bangs*, 9 Mass. 387; *State* v. *Springer*, 3 Ohio, 120.

Under the regular statute defining the crime of manslaughter, and providing punishment therefor, the mere fact that there is lack of or absence of premeditation, reduces the crime from murder to manslaughter and in the case of *Gibson* v. *State*, 38 Miss. 295, the court practically said that there is no such crime as an attempt to commit manslaughter. In the case Gibson was on trial for assault and battery with the intent to kill and murder, and the jury returning its verdict,

said: "We the jury find the defendant not guilty of an assault and battery with intent to kill and murder, but find him guilty of an assault in the attempt to commit manslaughter," and in passing upon the validity of this verdict, the court upheld same, saying: "If the verdict or rather the words 'in attempt to commit manslaughter' were descriptive of an offense known to the law, then the verdict could not stand, . . . and by affirming the case and upholding the verdict, the court held that there is no such crime as 'attempt to commit manslaughter.'"

Had the appellant succeeded in causing an abortion, and had the child been destroyed, then he could have been guilty of nothing more than manslaughter under section 1235, Code 1906; then, is there such a thing as an attempt to cause an abortion; an attempt to commit manslaughter?

We submit further that section 1235, Code 1916, forbids certain acts being done, such as giving drugs, administering medicine, using instruments or other means, if done with the intent of causing an abortion, and if the child is actually destroyed. That is, the crime consists of the use of instruments or medicine with the intent to destroy the child, and the actual destruction of the child? Can there be such a thing as an attempt to use medicine, drug or instrument, or other means, and the actually using of such in the furtherance of the intention, to cause an abortion? We submit that there is no crime unless an abortion is caused or the child is destroyed or the mother killed in the endeavor to cause the abortion.

But if wrong in this, we insist that the indictment under section 1049, Code 1906, is defective and the demurrer should have been sustained, and this leads to a discussion of the second ground insisted on in the demurrer. (b) Is the indictment, as drawn, good on the charge of attempt to commit a crime?

The indictment undertakes to charge a statutory offense, purely, as there is no such thing known to the common law as an attempt to commit crime, and being a purely statutory offense, we submit that the precise language should be used in indictment as is used in the statute.

It will be noted first, that nowhere does the indictment negative the idea that the abortion sought to be caused, was not advised by a physician or that it was necessary to save the mother's life, and second the indictment does not charge that the attempt failed, or that the appellant was prevented from committing the crime.

We submit that there can be no such thing charged as an attempt to commit a crime, unless the indictment sets forth not only the facts constituting the attempt, but in addition, it must charge a failure of the attempt or that the accused was prevented from consummating the act.

As said *supra,* this being a statutory charge, the indictment must include and set forth every word, and the precise words used by the statute in defining the crime. *Anthony* v. *State,* 13 S. & M. 263; *Ike* v. *State,* 23 Miss. 525; *Scott* v. *State,* 31 Miss. 473; *Williams* v. *State,* 42 Miss. 328; *Lewis* v. *State,* 49 Miss. 354; *Dee* v. *State,* 68 Miss. 601, 9 So. 356.

Certainly, the indictment does not follow the statute, it does not charge that the attempt failed, does not charge an attempt at all, but charges certain parts or constituent parts of the offense, that of using means with the intent or purpose of causing an abortion, and here it stops, and is silent as to whether an abortion was caused, or whether there was a failure to cause the abortion, or whether or not there was a prevention of the consummation of the crime, and we submit that the indictment does not, under section 1049, Code 1906, charge an offense against the penal laws of the state with that certainty and clearness that the law requires,

and we submit further that the demurrer to the indictment should have been sustained and the court erred in overruling same.

*Ross A. Collins,* Attorney-General for the state.

In answer to the first ground of demurrer, viz; that there is no such crime as attempt to commit abortion, I think it is only necessary to refer to section 1235 of the Code of 1906, which provides that any person who shall administer to any pregnant woman, quick with child, any medicine, drug or substance whatever, or shall use or employ any instrument or other means with intent thereby to destroy such child, shall be guilty of manslaughter. And section 1049, Code 1906, defines an attempt to commit an offense and fixes the punishment. This indictment was drawn under these sections. Most certainly an "attempt to commit abortion" is provided for by the statute. If any abortion had resulted from the operation, the appellant would have been guilty of manslaughter.

Paragraph "G", 1 Cyc. 173, cited by counsel for appellant in support of his contention that there is no crime unless the actual abortion results from the operation, not only does not support his view but holds directly to the contrary.

It reads as follows: "At common law, as well as under some statutes, an actual abortion must follow the administration of the noxious substance or the use of the instruments, in order to complete the offense; but under statutes prohibiting the administration of any drug or the use of any instrument to "any woman" (or "any pregnant woman") with intent thereby to produce her miscarriage, a resulting miscarriage is not, as has been pointed out, essential. Again it is said in L. C. J. 314:

"So far as the act of causing or procuring an abortion is a crime at common law or by statute, an attempt

to commit such crime also is an indictable offense according to the general principles governing the attempt to commit crime. Under the statute, however, by which the subject is now governed, the crime generally consists merely in an attempt, that is the doing of certain things with the intent to cause abortion. In other words, under such statutes the offense does not consist in the actual procurement of an abortion or an attempt to procure an abortion as distinct crimes, but in administering drugs, using mechanical means, etc., with the intent mentioned, whether or not the intended means are used or taken, or the miscarriage is produced. It is not even necessary that the means used should be calculated to produce a miscarriage, unless the statute so requires.''

Again it is argued by counsel for appellant that the indictment as drawn does not charge an attempt to commit abortion, because the exact language of the statute is not used and because the indictment does not negative the idea that the operation was advised by a physician as being necessary, nor charge that the attempt failed or that appellant was prevented from committing the crime.

It has been repeatedly held by this court that it is not necessary to follow the exact language of the statute if words of equivalent meaning are used. *Harrington* v. *State,* 54 Miss. 490; *Richburger* v. *State,* 90 Miss. 806; *State* v. *Presley,* 91 Miss. 377. In the case at bar, however, the exact language of the statute is followed.

But it is insisted by appellant that the indictment is defective because it does not negative the idea that the operation was advised by a physician as being necessary. It is not necessary to aver negatively that the abortion was advised by a physician, this being a matter of affirmative defense. The general rule seems to be that exceptions and provisions in the enacting clause of a statute must be negatived, and such as are not in the enacting clause need not be negative, the lat-

ter being matters of defense. 10 Ency. of Pl. & Pr.
495. In the case of *Thompson* v. *State,* 54 Miss.'740, at
page 744 the court says: "It may be said generally,
that, when the exception is so engrafted in the enacting
clause of the statute that the offense cannot be de-
scribed without meeting and negativing the exception,
it must always be set out in the indictment; but that
where the exception is contained in some other statute,
or is clearly separable, from the offense, and the crime
may be described without reference to the exception,
then the latter is a matter of defense and need not be
mentioned in the indictment." Citing, *Steel* v. *State,*
1 Barn. & Add. 94; *State* v. *Abbey,* 29 Vt. 60; 1 Bishop
Crim. Proc., sec. 631, et seq.; *United States* v. *Cook,* 17
Wall. 168.

The exception in section 1235, Code 1906, viz: "Un-
less the same shall have been advised by a physician to
be necessary for such purpose," is not included in the
enacting clause, but is a subsequent substantive clause,
and practically all the authorities hold that if the ex-
ception is not descriptive of the offense, it need not be
negatived. *Johnson* v. *People,* 33 Col. 224, 80 Pac. 133;
108 Am. St. Rep. 85, quoting 108 A. S. R. middle page
89.

Substantially the same doctrine was announced in
the leading case of *United States* v. *Cook,* 17 Wall. 168,
21 L. Ed. 538, followed by us in *Packer* v. *People,* 26
*Colo.* 306, 57 Pac.——.

ETHERIDGE, J., delivered the opinion of the court.

Dr. F. C. Smith, the appellant, was indicted and con-
victed in the circuit court of Amite county on the
charge of attempting to commit an abortion in said
county, and it is claimed that the indictment is insuffi-
cient to charge any crime under the law of this state,
and that there is no such crime as an attempt to com-
mit an abortion, and that the court erred in granting

the instruction for the state on that charge, and also that error was committed in admitting on cross-examination the defendant's witnesses to prove good character, evidence that the witnesses had heard that the defendant had been accused of this offense before, and also that prosecuting attorney, privately employed, committed error in referring to the failure of the defendant's wife to testify. The indictment charges that the appellant did willfully, unlawfully, feloniously design, attempt, and endeavor to kill, abort, and destroy one unborn quick child, then and there in the womb of Mrs. Kiser, a woman then and there pregnant with unborn quick child, by then and there willfully, unlawfully, and feloniously administering to and inserting in the womb of the said Mrs. Kiser certain foreign substances, to wit, linen gauze and a rubber catheter, with the felonious intent then and there the said unborn quick child, in the womb of said Mrs. Clara Kiser as aforesaid, willfully, unlawfully, and feloniously to kill, abort and destroy, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi. The statutes of the state make it a crime to administer to any woman any medicine, drug, or substance whatever, or use or employ any instruments or other means with intent thereby to destroy such child, and one who shall thereby destroy such child shall be guilty of manslaughter, unless the same shall have been advised by a physician to be necessary, etc. Code of 1906, section 1235. Section 1049 of the Code provides that every person who shall design and attempt to commit an offense and shall do any overt act towards the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof shall be punished, etc., providing the different punishments. We think the indictment sufficiently charges the crime under these statutes.

The exception in the statute, ''unless the same shall have been advised by a physician, etc.,'' need not be

negatived as it is an affirmative defense which, if relied upon, must be shown by the defense, or appear affirmatively in the evidence.

The indictment avers it was unlawfully and feloniously done, and that negatives its lawfulness.

The instructions complained of is the only one given for the state, and charges the jury that if they believe beyond a reasonable doubt from the evidence in the case that Dr. Smith willfully, unlawfuly, and feloniously inserted in the uterus, or womb, of Mrs. Kiser a rubber catheter and gauze with the intention and purpose of causing an abortion or destroying an unborn quick child then in said womb, he is guilty as charged in the indictment, and the court further instructs the jury that this is true, even though you may believe from the evidence that Mrs. Kiser was an unmarried woman, and that said unborn child was an illegitimate one. If there is any error whatever in this instruction it is cured by instruction No. 1 for the defendant, but we believe the instruction to be free from error.

The defendant introduced witnesses to prove his character as to the trait charged against him in this indictment, and on the cross-examination of these witnesses they were asked and permitted to answer that they had heard charges of this kind against him before, but that they knew personally nothing of these matters. The defendant having put his character as to this charge in evidence, it was permissible for the state to cross-examine the witness in the manner which it did in this case, and there is no error in any of the foregoing assignments.

But the case must be reversed because of the comment made by prosecuting counsel privately employed in this case, in which he said:

"He said he always wanted some lady present when he examined another lady, and that he carried this woman from his house or sent her from his house where his wife was to the hotel where he could have an out-

side witness in Mrs. Leona Anders, whom he called to the room, but would not examine the woman in his wife's presence, and it's strange, gentlemen, that he has not called his wife here as a witness for him.''

This court has repeatedly held that the failure of a husband to call his wife as a witness for him in a criminal case is not a proper subject of comment by counsel. *Johnson* v. *State*, 94 Miss. 91, 47 So. 897; *Scott* v. *State*, 80 Miss. 197, 31 So. 710; *Cole* v. *State*, 75 Miss. 142, 21 So. 706; *Johnson* v. *State*, 63 Miss. 313; *Byrd* v. *State*, 57 Miss. 243, 34 Am. Rep. 440.

The case is accordingly reversed and remanded.

*Reversed and remanded.*