## Scott *v.* State.

(Division B. May 8, 1933.)

[148 So. 239. No. 30534.]

**Good & Lawrence,** of Vicksburg, for appellant.

**Herbert Nunnery,** Assistant Attorney-General, for the state.

Argued orally by **V. W. Good**, for appellant, and by **Herbert Nunnery**, Assistant Attorney-General for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant was indicted for murder, and was convicted of manslaughter. There is sufficient reasonable direct evidence to support the verdict, and the refused instructions requested by defendant were either covered in substance by other instructions which were granted, or else the instructions so refused were (1) inaccurately drawn and did not state the law correctly, or (2) were of mere

abstract propositions not appropriate or definitely pertinent to the issues being tried.

The deceased, a few days before her death, made certain declarations which while not entirely specific and were vague in a certain degree, yet were sufficient, if otherwise competent, for submission to the jury as tending to exculpate appellant of blame, and as corroborating his testimony and that of the other witness introduced in his behalf. These declarations were offered by appellant as dying declarations and were excluded by the court; and, judging from the briefs and the course of the oral argument, appellant has based his expectation of a reversal chiefly on this alleged error. And appellant's argument has proceeded apparently on the supposition that the alleged dying declaration was excluded because the trial judge was of the opinion that dying declarations are admissible only on behalf of the state. We cannot assume that the trial judge could have been so far mistaken. It has long been settled that dying declarations may be received in favor of the defendant as well as against him. Mattox v. U. S., 146 U. S. 140, 153, 13 S. Ct. 50, 36 L. Ed. 917; Green v. State, 89 Miss. 331, 42 So. 797. In Sparks v. State, 113 Miss. 266, 271, 74 So. 123, 124, it is said: "While a dying declaration is admissible on behalf of the defendant as well as on behalf of the state, we think the proof in this case fails to make the alleged dying declaration competent for either party. The rule for determining the admissibility of this class of evidence is clearly stated in Bell v. State, 72 Miss. 507, 17 So. 232; and it is incumbent on a party relying on a dying declaration to prove the same according to the standard laid down in that case, regardless of whether it be offered by the defendant or by the state. It requires these requisites to make the evidence admissible as evidence at all, because of the lack of the sanctity of an oath and the absence of the opportunity of cross-examination, so well calculated to develop the truth as to the entire transaction."

In Wilkerson v. State, 134 Miss. 853, 863, 98 So. 770, 771, the following language is used: "The rule is well-established in this state that the judge, when dying declarations are offered, should hear all of the evidence offered bearing thereon in the absence of the jury to determine whether or not the dying declarations are competent, and if there is a reasonable doubt of their competency, they should be excluded"—citing cases. And it is held by the Bell Case, supra, and all our other cases, that, in order that a dying declaration shall be competent, it is necessary that the declaration shall be made when, on the part of the deceased, there was then and there a sincere and settled belief of his or her impending death as a result of the wound, and that all hope of recovery had been by the declarant abandoned. Smith v. State, 161 Miss. 430, 137 So. 96.

There were three witnesses introducted to establish the dying declaration and its competency. Two of these made out a case which perhaps would, if their testimony stood alone, require the declarations to go to the jury. But another witness who visited her at the charity hospital a few days before her death testified that her statement was that she was going to die if they did not take her away from the hospital and to the home of her people, and that she then asked that her kindred take her away from the hospital so that she could get treatment. Pursuant to her request, she was at once removed to the home of her sister, where she died a short time later. Fannie v. State, 101 Miss. 378, 58 So. 2; Lea v. State, 138 Miss. 761, 103 So. 368. No subsequent statement is shown by the record as being made by her after her removal from the hospital, from which it follows that, if the court believed the witness last mentioned instead of the two others, then the statement as to her expectation of death from the wound was not absolute, but was conditional with the reasonable inference that she still entertained hope of recovery if she could be removed from the hos-

pital to the home of her own people where, as she termed it, "she could get treatment."

As we have stated, it may be that the trial judge believed the witness last mentioned rather than the other two, or it may be—and this is the more probable—that his conclusion was that the state of the testimony thus produced was such as to make the competency of the dying declaration doubtful. In either event, the finding of the trial judge on this question of fact not being manifestly wrong, it is not within our province to interfere.

Affirmed.