## McNair *v.* State.

(Division A. Dec. 10, 1934.)

[157 So. 908. No. 31459.]

Leonard B. Melvin, of Laurel, for appellant.

Wm. H. Maynard, Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

Appellant was convicted of murder and sentenced to life imprisonment in the state penitentiary; and, from this conviction and sentence, this appeal was prosecuted.

The deceased, Jesse Mason, was shot in his home; and shortly thereafter he was carried to the South Mississippi Charity Hospital, where he died thirty-three days later. The evidence as to the identity of the person who fired the fatal shot is conflicting; but, in view of the conclusion we have reached upon one assignment of error, a detailed statement of this evidence would serve no useful purpose.

The appellant offered as a dying declaration a statement made by the wounded man to Dr. R. H. Cranford a few hours before he died. After a full preliminary examination as to its competency, this declaration was excluded, and the appellant asigns as error the action of the court in so doing. Throughout the time the deceased was confined in the South Mississippi Charity Hospital, he was under the care and treatment of Dr. Cranford, superintendent and chief surgeon of the hospital. Dr. Cranford testified that he had known the deceased for years, and had been his physician for ten or fifteen years, that, during the entire thirty-three days that he was confined in the hospital, he was in a serious condition, and that he talked to him often about his condition and about the shooting. He further testified that a few hours before death of the deceased he stated to him, "Jesse, we have lost—we are going to lose," and that the deceased replied, "Yes, I am going." He further testified that the deceased then said that he did not want the law to punish

T. D. McNair, that he was not guilty, and that it was a Jenkins negro who shot him. The doctor further testified that when the deceased said, "Yes, I am going," he was conscious of the fact that he was dying, and that by these words he meant he was going to die.

If Dr. Cranford's statement that the deceased was conscious of the fact that he was dying be treated as a mere expression of opinion by the witness, still we think it is manifest from the declarations of the deceased, and all attendant circumstances, that he was then under a sense of immediate and impending death, and that this dying declaration should have been admitted in evidence. These declarations of the deceased were material and very favorable to appellant's defense, and we think the exclusion thereof constituted reversible error. Green v. State, 89 Miss. 331, 42 So. 797.

Reversed and remanded.