McMillan v. State.

(In Banc. April 9, 1945.)

[21 So. (2d) 586. No. 35793.]

Morgan & Thornton, of Kosciusko, for appellant.

**Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellant was convicted, in the Circuit Court of Attala County, of manslaughter on an indictment for murder of Mose Lewis, another negro. From that conviction and judgment he appeals, and assigns two errors: (1.) Refus-

ing an instruction requested by appellant, hereinafter set out; (2) refusing appellant's motion for a directed verdict in his favor.

The verdict of the jury was reached on conflicting testimony. It would serve no useful purpose to set it out here, but suffice it to say, in our judgment, appellant was fortunate the jury did not convict him of murder, which would have been justified by the evidence. In view of the conflicting nature of the evidence, we think the court below was correct in overruling the motion for a directed verdict of acquital, as conflicting evidence presents a question for decision by the jury. Ransom et al. v. State, 149 Miss. 262, 115 So. 208; Byrd v. State, 154 Miss. 742, 123 So. 867; Carter v. State, 140 Miss. 265, 105 So. 514; Sullivan v. State (Miss.), 192 So. 441, and many others.

Appellant complains of the refusal to give him this instruction: "That while no man has the right to take the law in his own hands to avenge grievances either real or imaginary that have been inflicted on a member of his family or himself, yet the court tells you that the defendant did not violate this wise principle of law if after learning that his wife had gone away from his home and that deceased aided and abetted her in leaving his household or the household of Nathan Hill and that he sought the deceased for explanation and for a peaceful understanding of the matter or for the purpose of inquiring about the whereabouts of his wife, and in seeking this end that he with the lights before him had a perfect right to arm himself, not with the intention of provoking a difficulty with the deceased, but to protect himself if necessary in self-defense. Therefore, if you believe from the evidence in this case or if there is any reasonable doubt arising from the evidence or from the want of evidence that Lloyd McMillan armed himself for his own protection only and went on a peaceful mission to the home of Mose Lewis, the deceased, for the purpose of making inquiry about his wife, then you are instructed that

he had a right to go to the home of deceased and to carry a deadly weapon with him on said mission.''

An examination of the case of Echols v. State, 99 Miss. 683, 55 So. 485, reveals that this instruction was formulated from discussion by the court, and is so colored as an abstract proposition, as to come within the condemnation of Scott v. State, 166 Miss. 6, 148 So. 239. We call attention to what this Court said in Crawford v. City of Meridian, 174 Miss. 875, 165 So. 612, 613: ''We would caution counsel in all cases against copying in instructions that portion of any opinion which belongs to the discussion part of the opinion, as was done here.'' It was, therefore, not error for the trial judge to refuse this instruction for this reason. The instruction should not have been given for the additional reason that it is argumentative. Carter v. State, 140 Miss. 265, 105 So. 514.

This instruction was substantially covered in another granted appellant, but without the objectionable features of the condemned instruction, as follows: ''The Court instruct the jury for the defendant, Lloyd McMillan, that if you believe from the evidence in this case that the defendant went to the home of the deceased, Mose Lewis, for the purpose of seeking information as to the whereabouts of the defendant's wife, and that upon reaching the home of deceased and while making such inquiry in a lawful and peaceful manner, the deceased became angry and started toward the defendant in an angry manner, opening a knife as he advanced, and that the defendant thereupon shot the deceased, then if you believe from the evidence that he as a man of ordinary prudence, believed and had a right to believe that he was in danger of losing his life or receiving some serious bodily harm, then he was justified in shooting the deceased, then you will return a verdict of 'not guilty'.'' It was held by this Court in Scott v. State, supra, that refusal of an instruction substantially covered in instructions given was not error.

Since, in our opinion, the court below committed no error in refusing to sustain appellant's motion for a

directed verdict on the conflicting evidence before the jury; and further committed no error in refusing the instruction claimed to be error, for the reasons herein given, the action of the trial court will be and is affirmed.

Affirmed.