WIGGINS *v.* STATE.

(In Banc.  Nov. 12, 1945.)

[23 So. (2d) 691.  No. 35815.]

**J. H. Garth,** of Hazlehurst, and **H. C. Stringer,** of Jackson, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

Argued orally by **H. C. Stringer,** for appellant, and by **R. O. Arrington,** for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

This appellant was indicted for murder of Onedia Green and convicted of manslaughter in the Circuit Court of Copiah County. The appellant is a colored woman, as was the deceased, and the controversy had its inception in a triangle involving the husband of deceased. The evidence on the part of the state and on the part of the appellant is sharply contradictory, and the witnesses offered by the defense in the trial court were contradictory of each other to some extent.

At the conclusion of the state's testimony, appellant moved to exclude it and direct a verdict of acquittal. At the conclusion of all the evidence on both sides, the ap-

pellant moved for a directed verdict. Both motions were denied. Appellant asked for an instruction to the jury to find her not guilty, which was refused. The jury found the defendant guilty, whereupon appellant moving for a new trial, which was overruled, and the case appealed here.

The errors assigned include all of the foregoing rulings by the trial court, and, in addition thereto, that the verdict of the jury is contrary to law and the overwhelming weight of the evidence. The granting of the following instruction to the state is also assigned as error:

"The Court instructs the jury for the State that every killing of a human being without the authority of law is either murder or manslaughter. Murder when done with the deliberate design to effect the death of the person killed, and manslaughter when done in the heat of passion, without malice and without any premeditation."

Since the verdict of the jury is based on conflicting testimony as to practically every incident and phase of the difficulty, and is not within or claimed to be within any of the exceptions to the rule, this Court will not disturb it on appeal. McMillan v. State, 198 Miss. 179, 21 So. (2d) 586, Triplett v. State, 159 Miss. 365, 132 So. 449; Woodward v. State, 180 Miss. 571, 177 So. 531, 178 So. 469, and other similar decisions of this Court. Therefore, the trial court committed no errors, in our judgment, in refusing to direct a verdict of acquittal, and in overruling the motion for a new trial, on the facts of the case.

The next error assigned is that the court should not have granted the state Instruction No. 2, supra. We have carefully considered this instruction and do not consider it error. Appellant cites, in support of her position, McNeal v. State, 115 Miss. 678, 76 So. 625, 629, a manslaughter case, which was reversed, in part on an instruction granted the state defining manslaughter:

"The court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the defendant killed the deceased in the heat of passion, without malice, at a time when he was in no danger, real or ap-

parent, of losing his life, or of receiving great bodily harm at the hands of the deceased, you will find him guilty of manslaughter, and the form of your verdict will be: 'We, the jury, find the defendant guilty of manslaughter.'"

It will be noted, however, that the instruction in the McNeal case omitted therefrom the words "without authority of law." In the instruction in the case at bar those words are included, and the instruction correctly sets out the law, in our opinion. It is argued that this instruction deprives appellant of her plea of necessary self-defense. We do not think so; it defines homicide committed "without authority of law," while a homicide committed in necessary self-defense is within the authority of law and sanctioned thereby. Moreover, the court granted appellant several instructions on the law and the facts in detail, none of them inconsistent, but all of them in harmony with the instruction of which complaint is here made, and setting up the plea of necessary self-defense. We think that the court gave appellant's contentions, taking all the instructions together, a full and clear presentation to the jury, and that the evidence amply sustains the verdict.

The judgment of the trial court is affirmed.

Affirmed.