TURNAGE *v.* STATE.

Mar. 9, 1953

No. 38631          23 Adv. S. 31          63 So. 2d 220

*Davis & Davis,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

LOTTERHOS, J.

Appellant was found guilty of the sale of intoxicating. liquor. Two witnesses for the State testified that on the morning of Sunday, May 11, 1952, they went to appellant's home in a truck, that appellant came out to the truck, and that they purchased a half pint of whiskey from him. Appellant testified that they did not buy whiskey from him, that he had never seen these men before the morning of the trial, and that he was in bed asleep all of Sunday morning, May 11, 1952. One of the witnesses for the State testified that, while they were at appellant's residence: "His wife came out but she went right back in the house. She was sweeping off the porch, I think." He also stated that he did not see anybody there besides his wife and him. The other witness testified: "I saw his wife go out of the building on the back and into the house about the time we stopped."

It is shown by a special bill of exceptions that during the closing argument of the district attorney the following statement was made: "If no one came to his house that day as Mr. Turnage testified why did he not have

his wife present to testify that such is true." An objection was made and it was requested that the court instruct the jury to disregard this statement. The court overruled the objection. Appellant then asked for a mistrial but his request was refused by the court. There is found in the record, and apparently filed with appellant's motion for a new trial, an affidavit which discloses that appellant had no wife but that the woman referred to in the trial was working for him and was at his home at the time in question.

On his appeal, appellant says that his objection to the quoted argument of the district attorney was well taken, that his motion for a mistrial should have been sustained, and that the refusal thereof is reversible error. We think that appellant is correct in his contention and that this case must be reversed and remanded for another trial. In Russell v. State, 185 Miss. 464, 189 So. 90, it was said, in reversing the case on a similar contention: "In fact this principle is now so well established, by decisions of this Court too numerous to quote from and discuss here, that it should no longer be necessary to call attention again and again to the impropriety and prejudicial effect of comments upon the failure of the wife of the accused to testify in his behalf, or upon the inability of the State to use her as a witness." See also Johnson v. State, 63 Miss. 313; Cole v. State, 75 Miss. 142, 21 So. 706; Johnson v. State, 94 Miss. 91, 47 So. 897; Fannie v. State, 101 Miss. 378, 58 So. 2; and Smith v. State, 112 Miss. 802, 73 So. 793.

The situation is not changed by the fact that the woman referred to by the two witnesses for the State as the wife of appellant was actually not his wife but an employee, and the fact that he had no wife, because, in so far as the court and jury were advised, relying upon the testimony which had been adduced, this person was the wife of appellant. The affidavit by appellant which has been referred to sets out that appellant is hard of hearing and

did not understand that either of the State witnesses referred to the woman as his wife until after the trial was over, when he was so informed by one of his attorneys. This affidavit was submitted in support of the motion for a new trial, one of the grounds of which is the failure of the court below to sustain the objection to the quoted argument and the motion for a mistrial. It clearly appears that, at the time the quoted argument was made and the objection thereto interposed, the situation was the same as if the woman referred to had been the wife of appellant, and that the ruling of the court should be considered as if she had been his wife.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Kyle,* and *Ethridge, JJ.,* concur.