.An appeal was taken to this court, and the cause now comes on to be heard on motion of appellee to dismiss on the ground that the judgment appealed from was "a judgment by confession."

The judgment does not recite that it.is "a judgment by confession;" but it appears from the allegations of the motion for a new trial, and from the order by which this motion was overruled, that the peremptory instruction was granted at the request of counsel, both for plaintiff and defendant, pursuant to an agreement between them that this should be ·done, and judgment be rendered for the plaintiff for one hundred and twenty-five dollars, instead of one hundred and sixty-five dollars, the amount originally demanded by him.

It may be true, as alleged in. the motion for a new trial, that counsel for appellant agreed to this disposition of the case solely because he was unable to secure the presence of the witness by whom he expected to support his client's contention. Nevertheless the fact remains that the peremptory. instruction was granted at his request; consequently the judgment rendered was, to all intents and purposes, "a judgment by confession," and from such a judgment no appeal will lie. Section 33, Code 1906.

The motion will be sustained, and the appeal dismissed.

*Motion sustained.*

*Appeal dismissed.*

---

WHIDDEN *v.* BROADUS.

[67 South. 155.]

APPEAL AND ERROR. *Dismissal. Grounds. Abstract question.*
    The supreme court will, of its own motion, dismiss an appeal from a judgment denying mandamus to compel a county superintend-

ent to employ petitioner as a school teacher for a certain term, where such term has expired and the appeal therefore only presented an abstract question.

APPEAL from the circuit court of Lamar county.

HON A. E. WEATHERSBY, Judge.

*Mandamus* by G. W. Whidden against A. Q. Broadus, County Superintendent of Education. From a judgment denying the relief prayed for, the plaintiff appeals.

This is a motion to dismiss the appeal from a judgment on a petition filed by the appellant for a writ of *mandamus* seeking to compel the appellee, superintendent of education of Lamar county, to contract with appellant to teach a public school in said county for a term beginning on the first Monday in October, 1913, and extending over a period of six months. The motion to dismiss recites the fact that the time has passed for teaching said school, as is shown by the record, and that the question before the court now is simply a moot question, since appellant could not be benefited by a reversal.

*T. W. Davis* and *Tally & Mayson,* for appellant.

We understand it to be the rule of the court that it will dismiss an appeal, without settling the merits of the case, only when its decision would not benefit either party, and *McInnis* v. *Pace,* 78 Miss. 550, 29 So. 855, *McDaniel* v. *Hurt,* 92 Miss. 197, 41 So. 381, and *Pafhausen* v. *State,* 94 Miss. 105, 47 So. 897, cited by counsel does not seem to be in point, for the reason that if the case before the court was settled in favor of appellant, it would secure to him the right to accept the election as teacher at the hands of the trustees of any public school in said county, before the time for the annual election of a trustee, and appellant would be bound to accept such election as binding on him, so that the settlement of the question involved would be a direct

benefit to appellant, if his contentions are correct, and this would be true, even though the court could not order the writ of *mandamus* to issue.

In other words, the appellant maintains that the trustees of public schools have the right and authority to elect him as a teacher of their school before the time fixed by law for the annual election of trustees for said school, and claims that when so elected, it secures to him a valuable right, the right to teach and earn money, the appellee as county superintendent of public education denies the authority of the trustees, and refuses to recognize the right of appellant, when so elected, to teach in the public schools, and certainly a settlement of this question is of interest to appellant, and if his contention should be sustained, would result in a di-. rect benefit to him, regardless of whether the court ordered the writ issued or not.

We, therefore, respectfully submit that the motion to dismiss ought to be overruled, and the case heard on its merits, and the rights of the parties settled.

*Salter & Hathorn,* for appellee.

As may be seen by an examination of the original petition shown in the record in this cause, this is a petition for the issuance of a writ of *mandamus* to compel A. Q. Broadus, county superintendent of education of Lamar county, appellee here, to contract with G. W. Whidden, appellant here, to teach the winter term of the Pine Grove Free School in said county for the scholastic year, 1913-14, which term began on the first Monday of October, 1913, and ended six months thereafter (see petition in record before court); in addition to the affidavit of the superintendent of education filed as an exhibit to the motion to dismiss showing that the said term has already been taught, this court will take judicial knowledge of the fact that the scholastic year

1913-14 ended on the 31st day of August 1914. (Laws 1914, chapter 187.)

The term having already been taught and the year having ended, this court could not grant relief to appellee, regardless of what its opinion might be, and there is nothing before the court to determine and a reversal of the case could do no good to any one. See *McInnis v. Pace,* 78 Miss. 550, 29 So. 835, *McDaniel v. Hurt,* 92 Miss. 197, 41 So. 381, *Pafhausen v. State,* 94 Miss. 103, 47 So. 897.

We respectfully submit that the cause ought to be dismissed at the cost of the appellant.

SMITH, C. J., delivered the opinion of the court.

This case is ruled by *McDaniel v. Hurt,* 92 Miss. 197, 41 So. 381, and *Pafhausen v. State,* 94 Miss. 103, 47 So. 897; consequently the motion to dismiss must be, and is, sustained.

*Sustained.*

---

CATO *v.* CHRYSTAL ICE CO.

[67 South. 155.]

1. BILL OF EXCEPTIONS. *Time for signing by judge. Failure of stenographer. Appeal and error. Presumption.*

Under paragraph "D" of chapter III, Laws 1910, providing that if the official stenographer fails to file the transcript in the time limited by law, appellant shall have forty days thereafter to prepare and present a bill of exceptions, as if there had been no stenographer, and the judge shall sign it in the time in which the stenographer had for filing the transcript. Since signing in such time would be a physicial impossibility, the only limit for signing is that prescribed by section 796, Code 1906, where there is no stenographer that is "Promptly."