YATES *et al.* v. BEASLEY *et al.*

(Division A. Nov. 5, 1923.)

[97 South. 676. No. 23530.]

1. ACTION. *Moot questions not decided.*

Courts will not adjudicate moot questions; it is only real controversies which the courts will decide, not imaginary ones.

2. APPEAL AND ERROR. *Questions involved n appeal held moot, and appeal dismissed.*

The patrons of a consolidated public school enjoined the county superintendent of education from contracting with a certain person (one of the defendants in the cause) for the scholastic year

1922-23 as a teacher in said school. The injunction was dissolved by the trial court, from which decree an appeal was taken to the Supreme Court, where the cause was argued and submitted after the expiration of said scholastic year 1922-2.. *Held,* the questions involved are moot, and the appeal dismissed.

APPEAL from chancery court of Union county.

HON. A. J. McINTYRE, Chancellor.

Bill by T. P. Yates and others against T. A. J. Beasley and others. From a decree for defendants, plaintiffs appeal. Appeal dismissed.

*Charles Lee Crum,* for appellants.

This court raises the question whether the issue now involved in this case is moot and for this reason should be affirmed by this court. This was a suit to restrain the appellee from teaching in the public school at Blue Springs, Mississippi, first, because he is adjudged and is of bad moral character; and, second, because he was not otherwise legally qualified to teach for want of license for the scholastic year 1922-1923.

The injunction was rightfully sued out at the time it was authorized and issued. I respectfully refer to my brief of the case on file in this court. If, because of the lapse of time since the issuing of the injunction writ, the question shall have in the judgment of the court, become a moot one, then I have merely to call attention to the fact that the appellant is not responsible for this delay, as he acted promptly in perfecting his appeal and having the record sent up. But if this court should affirm the decree of the court below on the sole ground that the question now involved in the appeal is moot, with no reason assigned in the opinion for so doing, and without going into the merits of the contentions of the parties, and there should thereafter be a suit by appellee on the injunction bond for damages, then, as a matter of defense to such damage suit on the bond, the appellant would be put to the necessity of presenting the entire merits of this whole

case just as it is here presented in order to show that the injunction was in fact rightfully sued out; and without further investigation, I am not now able to assert that such a defense in such damage suit would be available as a defense. If, however, the court should hold that the injunction was rightfully sued out and improperly dissolved by the chancellor, but affirm the decree of the lower court solely on the ground that, without the fault of the appellants the question involved had become a moot one, as was clearly done in the opinion of TERRAL, J., in the case of *McInnis* v. *Pace,* 78 Miss. 550, 29 So. 835, then the matter of damages would be finally settled for the suing out of the injunction. This is a just course and will most likely avoid a useless and expensive damage suit to follow in this case.

This court has the discretion to tax the costs of this case against the appellee, even if the case is affirmed on account of the issue involved becoming moot, under the authority given in section 675, Hemingway's Code.

*Mitchell & Mitchell,* for appellee.

As far as appellee is concerned, we do not insist that this appeal be dismissed because the question has become moot, yet candor and frankness compel us to admit that there is no controversy between the parties herein for this court now to decide. There is no other relief sought by the bill except to enjoin appellee from teaching in the Blue Springs consolidated school for the scholastic year of 1922-1923, and as that term of the school has long since expired, it is apparent that there is now no practical matter for the court to pass upon.

In the cases suggested by the court as authority for holding the present question to have become moot, the case of *McInnis* v. *Pace,* 78 Miss. 550, 29 So. 835, in which the court passed upon the merits of the matter, also involved a question of damages in addition to the suing out of the injunction, and the court decided the question on its merits

so that the lower court might have a guide in the further trial of the cause on the question of damages. There is no question now involved in this appeal except the matter of costs, and this court will not determine a cause involving nothing more than a question of costs. *McDaniel et al.* v. *Hurt,* 92 Miss. 197, 41 So. 381.

At the time this appeal with *supersedeas* was perfected, the scholastic year of 1922-1923 had about run one-half its course, and appellants could not have reasonably expected to have this court to pass upon the question before the scholastic year expired.

As to the question of damages on the injunction bond, to which reference is made by counsel for appellants, we take it that this court, as in the matter of costs, will not determine a moot case in order to settle the matter of damages on an injunction bond—a matter which is not in issue before this court.

ANDERSON, J., delivered the opinion of the court.

Appellants, T. P. Yates and others, patrons of the Blue Springs consolidated public school, filed their bill in the chancery court of Union county against appellees T. A. J. Beasley. E. Blizzard, the superintendent of education of that county, and the trustees of the Blue Springs consolidated public school, for the purpose of enjoining said superintendent from contracting with appellee Beasley to teach in said school during the scholastic year of 1922-23, and to enjoin appellee Beasley from teaching in said school for said period. Upon proper *fiat* a writ of injunction was issued enjoining appellees in accordance with the prayer of said bill. Appellees answered, denying the material allegations of the bill.

The cause was heard on bill, answer, motion to dissolve the injunction, and proof. A final decree was rendered dissolving the injunction, from which appellants prosecute this appeal.

At the time this cause is being considered and decided by this court the scholastic year of 1922-23 has expired.

The scholastic year of 1923-24 is in progress. When the record in this cause and appellants' brief and argument were filed in this court (April 7, 1923) the scholastic year of 1922-23 of the consolidated school in question lacked but little, if any, of having expired; and when the cause was submitted to this court, which occurred on October 9, 1923, it had expired some months before. And there seems to have been no unnecessary delay in the progress of the cause either in the court below or in this court. Therefore, at this late day, this court is called upon to decide whether appellee Beasley shall teach in the Blue Springs consolidated public school for the scholastic year 1922-23. It is apparent without further statement of the case that it is utterly impossible for this court to enter any judgment in the cause which can be enforced. The questions involved are moot; they are dead questions. It is a principle of long standing in the courts of this country administering the common law, that questions will not be adjudicated unless in so doing the rights of the parties can be fixed and enforced by proper final process. It is only real controversies which the courts will decide, not imaginary ones. Courts are instituted not alone to render but also to enforce their judgments. It would be a vain thing to render a judgment that in the very nature of things could not be enforced. *Pafhausen* v. *State*, 94 Miss. 103, 47 So. 897; *McDaniel* v. *Hurt*, 92 Miss. 197, 41 So. 381; *McInnis* v. *Pace*, 78 Miss. 550, 29 So. 835.

We are reminded that in *McInnis* v. *Pace*, *supra*, although the questions were moot they were nevertheless decided. This is true, but in doing so the court departed from the long-established, sound rule. The declaring of principles of law in moot cases is neither binding on the parties nor on the courts. To do so simply amounts to the court giving advice about a matter without authority. No precedent is made for future cases.

*Appeal dismissed.*