WHITE, STATE AUDITOR, *v.* FRANKLIN *et al.*

(Division A. April 18, 1932.)

[140 So. 876. No. 29896.]

730

Lotterhos & Travis, of Jackson, for appellant.

Franklin, Easterling & Rosenthal, of Jackson, for appellees.

Argued orally by F. W. Lotterhos, for appellant, and Simon Rosenthal, for appellee.

McGowen, J., delivered the opinion of the court.

This case arose in the circuit court on the suit of Carl C. White, as state auditor, to recover certain moneys deposited in a banking institution of the state to the credit of the tax commission, which bank closed its doors pending the time between the deposit of the moneys and the date the tax commission and Lester C. Franklin, chairman thereof, were required by law to report the collection and pay same into the state treasury.

The first plea filed by the appellee Franklin in the lower court challenged the right of Carl C. White, as state auditor, to institute and prosecute this suit. A demurrer was filed to this plea by Carl C. White, which was overruled by the court, and he, thereupon, declined to plead further, and prosecuted this appeal.

This case is ruled, in this behalf, by the case of Carl C. White v. Ben S. Lowry, Insurance Commissioner (Miss.), 139 So. 874, decided February 29, 1932, and suggestion of error overruled April 11, 1932, and cannot be differentiated from the Lowry case.

We are of the opinion that Carl C. White, as state auditor, was without authority to bring this suit.

To the declaration in the court below were filed several pleas setting up a defense to the action, to which several pleas the state auditor filed demurrers which were sustained. The appellee filed a cross-appeal to this court, and earnestly urges us now to decide these questions, so that the proper officer of the state may be advised of the controlling law, and, in case this court should reach the conclusion that a good defense was interposed by the pleas, the cross-appellant would be thereby relieved from the necessity of defending another vexatious lawsuit.

We decline to consider the cross-appeal for the reason that the case is now decided that the appellant is not a proper party authorized to bring this character of action. The case presented on the cross-appeal is, therefore, ex parte, and our opinion would not be binding on any party to this litigation, being merely advisory. We are not authorized to render advisory opinions to prospective litigants. Under our system of jurisprudence, the propriety of our refraining from so doing is quite evident.

We will not express any opinion on a case for the mere information of parties, or in order to forestall another suit properly instituted by a party having the right so to do. We therefore dismiss the cross-appeal.

Affirmed on direct appeal, and cross-appeal dismissed.