SELLIER *et al. v.* BOARD OF ELECTION COM'RS OF HARRISON COUNTY.

(Division B.   Dec. 9, 1935.)

[164 So. 767.   No. 32062.]

**Bidwell Adam** and **Mize, Thompson & Mize**, all of Gulfport, for appellee.

**J. F. Galloway,** of Gulfport, for appellants.

362

**Anderson, J.,** delivered the opinion of the court.

This is a motion to dismiss an appeal from an order of the circuit judge of the coast district refusing to grant appellants a writ of prohibition restraining appellees from putting into effect their order directing the printing and distribution of the official ballots to be used in the general election to be held on November 5, 1935, for the election of a member of the board of supervisors for the third district of the county. The petition for the writ was filed with the circuit clerk on the 26th day of October, 1935, and on the next day presented to the circuit judge and the writ refused.

The petition alleged, in substance, that appellees were the election commissioners of Harrison county; that appellant Herman Sellier was a qualified elector of the county and was the owner of real estate of the value of three hundred dollars, unencumbered, situated in the third supervisor's district; that he had been requested to become a candidate for the office of a member of the board of supervisors for the third district at the election to be held on November 5, 1935; that a petition had been presented to appellees on the 21st day of October, 1935, signed by sixty-eight qualified electors of the district, requesting that the official ballot contain his name as a candidate; that appellees met and considered the petition, and found, among other things, that appellant Sellier did not participate in the Democratic primary election held for the nomination of candidates for the office, but that sixty-four of the signers of the petition had participated therein, and for that reason appellees had decided that he was not entitled to have his name on the

official ballot. The petition alleged further that the names of those nominated in the Democratic primary as candidates for the different public offices to be submitted to the electorate at the general election on November 5th had been turned over to the official printer, and the ballots were to be printed on October 29th, and the name of appellant Sellier would not be placed on the ballot; that appellants were without remedy by mandamus, appeal, certiorari, or any other proceeding, except by writ of prohibition; that the remedy of mandamus could not be used for the reason that appellees, as the election commissioners, had acted finally, and that "the attorney-general had declined to permit the use of his name therein;" that no other public officer properly qualified therefor would permit the use of his name, and therefore appellants were precluded from a vacation hearing; that the next term of the circuit court of the county would be held on the first Monday in December next, and by that time it would be too late—the election would have been already held. The petition to appellees was made an exhibit to the petition for writ of prohibition.

We pass the question whether the refusal of the circuit judge to issue the writ is an appealable order, as well as other questions raised, and go to appellees' contention that the questions involved are moot. There is no principle of law better established than that courts will not adjudicate moot questions; that they will only decide real controversies, not imaginary ones; and that no judgment will be rendered which is unenforceable and therefore useless. Pafhausen v. State, 94 Miss. 103, 47 So. 897; State ex rel. Knox v. Board of Supervisors of Pearl River County (Miss.), 115 So. 343; Yates v. Beasley, 133 Miss. 301, 97 So. 676.

It is at once apparent that it would be utterly impossible for this court to enter any judgment which could be enforced. The questions are dead questions. The court will not do a vain thing. Section 102 of the Constitution provides that all general elections for state and

county offices shall be held every four years on the first Tuesday after the first Monday in November until altered by law. The courts, of course, are powerless to order a general election to be held at any other time.

Motion sustained.