SHELTON et al. *v.* LADNER, SECRETARY OF STATE et al.

In Banc. Feb. 14, 1949.

(38 So. (2d) 718)

James T. Kendall, Assistant Attorney General, **W. E. Gore**, and **John G. Burkett**, for motion.

**J. A. White**, contra.

**Smith, J.**

Appellee has filed a motion to dismiss the appeal. It comes from the Circuit Court of the First Judicial District of Hinds County, and was perfected by appellants from a judgment adverse to them. The motion charges that all "questions involved therein have become moot and that no useful purpose will be accomplished by entertaining said appeal."

The action was brought in the trial court by a group of citizens representing themselves to be "the duly nominated candidates for Presidential Elector by the Republic State Convention of Mississippi to be balloted on in the General Election to be held in the State of Mississippi on November 2, 1948 for the purpose of choosing Presidential Electors, . . .". They alleged in their petition for a writ of mandamus that they were "the

first group of candidates for Presidential Elector of the Republican Party of Mississippi to be certified to the Secretary of State, . . . the Petitioners are pursuant to House Bill No. 867, Now Chapter 312, Laws 1948, entitled to be the only group of candidates for Presidential Elector to be placed on the Ballot for the General Election to be held in Mississippi on November 2, 1948 pledged to the nominees of the National Republican Party, namely Thomas E. Dewey and Earl Warren.'' They then charged that appellee intended to, and was, ''going to place in addition to the names of Petitioners another and an additional group of candidates for Presidential Elector Pledged to the nominees of the National Republican Party for President and Vice-President of the United States, namely Thomas E. Dewey and Earl Warren, respectively, . . .''. A writ of mandamus was sought commanding appellee, ''to place only the names of the Petitioners on the official ballot for the November 2, 1948 General Election as pledged to support the nominees of the National Republican Party, namely Thomas E. Dewey and Earl Warren, and that the names of no other candidates and group of candidates so pledged shall appear on said ballot.''

A rival faction of the Republican Party in Mississippi asked, and were permitted, to intervene,—claiming themselves to be the Republican Party in Mississippi,—in order to contest the demand of appellants. They charged that the litigation vitally involved their political rights.

Appellee, the Secretary of State, and the intervenors, separately demurred to the petition of appellants. It is not necessary for decision on this motion that the grounds of the demurrers be set forth. The Court sustained the demurrers and appellants declining to plead further, their petition was dismissed.

Appellants seem to argue that the appeal should not be dismissed as moot, because an advisory opinion from us would clarify the law, and serve as a guide in the future; and throw light on conjectured possibility of a

suit for damages.; and because a public question is involved.

We have repeatedly declared that we would not adjudicate moot questions. We cite a few of the many cases so holding. Moran v. Murphy et al., 187 Miss. 633, 193 So. 29; Sellier et al. v. Board of Election Commissioners of Harrison. County, 174 Miss. 360, 164 So. 767; Whidden v. Broadus, 108 Miss. 664, 67 So. 155; Rawlings et al. v. Claggett et al., Election Commissioners, 174 Miss. 845, 165 So. 620.

In the Sellier case, supra ,we said [174 Miss. 360, 164 So. 768] : ''There is no principle of law better established than that courts will not adjudicate moot questions; that they will only decide real controversies, not imaginary ones; and that no judgment will be rendered which is unenforceable and therefore useless.''

November 2, 1948, has passed, and the election tickets prepared, distributed, and voted in the election are changeless things of the past, and are now functus officio. Both Republican groups appeared on the ballot, and no decision of ours can now erase one or the other from the ballot, or affect or alter the result. Nor can we undo the voting of the Republican groups in Mississippi on November 2, 1948, by any adjudication by us at this time. A reversal and remand would be entirely useless as to matters already discharged.

Therefore, the case at bar is not within the case of Sartin, Circuit Clerk v. Barlow, District Attorney, ex rel. Smith, 196 Miss. 159, 16 So. (2d) 372, 377, governing an exception to the rule that courts will not adjudicate moot questions. The issues are different, the facts are different, and the principles involved there find no correct analogy here. . The Court's judgment there seemed to be enforceable. Here, it could not be, even if favorably to appellants. That opinion of the Court concluded with these words: ''That date having passed, we affirm the judgment with the modification that the examination shall be allowed upon the statutory notice at any time within

twelve days from and after the filing of the mandate of this court in the court below.'' In the dissenting opinion, it was contended that ''The clear implication of the decision just rendered is that the appellee Smith may continue his contest of the election of his opponent, . . .''. In the case at bar, we cannot so order. The matter of the names on the tickets in this particular election are, as pointed out, supra, forever a closed incident, and it is so irrevocably a past event that no power can now alter the finality of the completed action of offcial function. To attempt to challenge the immutability of the past here would be to rival Don Quixote in his tilting at the windmills. And, we quote this pertinent passage from the Rubaiyat:

''The moving finger writes; and having writ,
Moves on; nor all your piety nor wit
Shall lure it back to cancel half a line,
Nor all your tears wash out a word of it.''

So, that while in no way receding from our announcement in the Sartin case, we, however, hold it is not in point in the instant case.

As to the appellants' defense against this motion, that we should issue an advisory opinion, we have several times declared our lack of authority to do so. We have specifically said in Re Opinion of the Justices, 148 Miss. 427, 114 So. 887, 888, dealing with advisory opinions between departments of the State government: ''Moreover, and aside from this prohibition, the giving by judges of opinions on questions that may thereafter be submitted for decision to the courts of which they are members is highly improper unless they are constitutionally authorized so to do.'' We are not authorized by the Constitution to do so herein. The Supreme Court of the United States in the case of Federal Radio Commission v. Nelson Brothers Bond & Mortgage Company, supra (289 U. S. 266, 53 S. Ct. [627], 632, [77 L. Ed. 1166, 89 A. L. R. 406]), speaking of its powers said: 'It cannot give

decisions which are merely advisory, or can it exercise functions which are essentially legislative or administrative.' '' California Company v. State Oil & Gas Board et al., 200 Miss. 824, 27 So. (2d) 542, 28 So. (2d) 120, 121.

We, therefore, decide nothing hereby, except that the motion to dismiss the appeal should be, and is, sustained, and the appeal dismissed.

Appeal dismissed.