CLIBURN *v.* CLIBURN.

Division B. Oct. 16, 1950.

No. 37581 (48 So. (2d) 126)

Hall & Callender, for appellant.

**Grubbs & Farmer** entered appearance for appellee but filed no brief.

**Roberds, P. J.**

On September 9, 1946, the Chancery Court of White County, Arkansas, purported to grant to appellant, on his bill, a divorce from appellee. Appellee filed the bill herein alleging that the foregoing decree was obtained by fraud and praying ". . . that upon a hearing of this cause the court may grant a decree voiding de-

fendant's Arkansas divorce decree and holding said decree to be naught and decreeing further that complainant and defendant are husband and wife under the laws of the State of Mississippi''. The defendant in this cause, by demurrer, urged in the lower court and urges here that this bill simply seeks a declaratory judgment; that no affirmative or executory relief is prayed and that the decree, if granted, would be only advisory, and that the chancery court has no power to grant such a decree. The lower court overruled the contention and granted this appeal to settle the principles. ▆▆ We think the contention is well taken under the proceedings herein. It will be noted the bill does not ask for divorce, support or maintenance, or any affirmative, coercive or executory aid of the court. The chancery court of Mississippi, of course, has no power to set aside a decree of the chancery court of Arkansas. ▆▆ If any appropriate affirmative or executory relief is asked, the Mississippi courts may, if such relief ought to be granted, disregard and refuse to be bound by an Arkansas decree this court considers null and void, if that be necessary and a prerequisite to the awarding of relief to which a party litigant is entitled. That is what was done in Miller v. Miller, 173 Miss. 44, 159 So. 112 and Hall v. Hall, 199 Miss. 478, 24 So. 2d 347. In the Miller case the complainant sought a divorce, alimony, solicitor's fees, and an injunction to prevent defendant from disposing of his property. In the Hall case complainant prayed for support and maintenance. In the case at bar nothing is asked except that this court declare and adjudicate complainant and defendant to be man and wife, which would be purely advisory. Neither the court below nor this court has that power or duty. White v. Franklin, 165 Miss. 729, 140 So. 876; Swetman v. Harrison County, 207 Miss. 831, 42 So. (2d) 801.

Reversed and remanded.

**Hall, J.**, took no part in this decision.