BRUMFIELD, et al. *v.* KENNA.

Division B. Nov. 6, 1950.

No. 37626 (48 So. (2d) 357)

For the motion:

Cassidy, McLain & Alford, and Barnett, Jones & Montgomery.

Contra:

Gordon & Gordon.

734

**Alexander, J.**

Appellee filed his bill against the Superintendent of Education of Pike County, the Trustees of the Southwest Mississippi Junior College, and the board of supervisors of said county to clarify the terms of an alleged employment of appellee, and to compel payment of a stipulated salary which by an amendment was computed at $4,600. It was met by a demurrer setting up an absence of any equity and the immunity to suit of the defendants as agents of the State. A demurrer was overruled and an interlocutory appeal was allowed and perfected.

Subsequently a motion was filed by appellee in this Court to dismiss the appeal as moot. Our attention is directed to Senate Bill No. 144, Chapter 288, Laws of 1950, by which such college was made liable to suit. We need not draw aside to consider the validity or effect of such act as applicable to the instant case nor the validity of a special enactment, House Bill No. 1088 of the Laws of 1950, which purported to authorize the board of supervisors to pay to appellee the sum of $5,700 in full settlement of his claim.

Interesting questions are presented by the attack upon the validity of this latter act. However, we are not authorized to examine the merits of the contention for the reason that by stipulation filed herein, it is shown that such amount has actually been paid to and accepted by appellee who makes disclaimer of any further demand.

Appellants insist that the constitutionality of the special act remains open for consideration and that it presents a matter of general public interest. We are unable

to agree to this view. Since there exists no further demand by the appellee, there can be adjudicated no form of relief. Reimbursement and not refund is sought. Any opinion thereon would be purely advisory and would solve a contention now of only academic interest to prospective litigants. A complete accord and satisfaction between the parties has made the issues moot. Board of Supervisors of Kemper County v. Nevill, 95 Miss. 56, 48 So. 727; Whidden v. Broadus, 108 Miss. 664, 67 So. 155; Lockard v. Hoye, 113 Miss. 238, 74 So. 137; Yates v. Beasley, 133 Miss. 301, 97 So. 676; State ex rel. Knox v. Board of Supervisors of Pearl River County, Miss., 115 So. 343; White v. Franklin, 165 Miss. 729, 140 So. 876; Rawlings v. Claggett, 174 Miss. 845, 165 So. 620; Sheldon v. Ladner, 205 Miss. 264, 38 So. (2d) 718; 3 Am. Jur., Appeal and Error, Sections 733, 736; 4 C. J. S., Appeal and Error, Section 1354 (e).

Appeal dismissed.