Ex Parte Shed Castle

No. 42586          December 20, 1963          159 So. 2d 81

*James P. Coleman,* Ackerman, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

This is an appeal from an order of the Circuit Court of Montgomery County, entered in term time, removing appellant Shed Castle from the office of deputy sheriff. It was based on the provisions of Mississippi Code 1942, Rec., section 4235:

"Every sheriff shall have power to appoint one or more deputies, and to remove them at pleasure; every such appointment to be in writing; and such deputies shall have authority to do all the acts and duties enjoined upon their principals. . . . All sheriffs shall be liable for the acts of their deputies, and for money collected by them. The circuit court shall have power to remove such deputies and also bailiffs, whenever in its opinion the public interest will be subserved thereby."

We do not reach or consider the validity of the order, however, because we have concluded that the issue is moot, the sheriff having since the order validly discharged appellant, and that fact is sufficiently apparent to the court to warrant noticing it of our own motion.

On April 19, 1963, during the course of the trial of State v. Travis Abel, the defendant called as witnesses Deputy Sheriff Shed Castle, Sheriff Earl Wayne Patridge, and Constable Jesse Grant. They were questioned

concerning certain alleged statements made in their presence by a prosecuting witness, Press Moore. Castle's testimony as to what Moore said was substantially different from that of the sheriff, and also "in some material respects different from the testimony" of Grant. The jury acquitted Abel of the State's charge.

On the next day, April 20, the circuit judge entered an order without any notice or hearing to Castle. It recited the above stated facts, and said the testimony given by these three men differed so widely in material respects that all of them could not have told the truth, and after hearing the testimony, the court concluded the sheriff told the truth in all respects. The order stated that, irrespective of this factor, "after the said Sheriff and his deputies have so contradicted each other in giving material testimony before a crowded court room, this Court believes that it would be impossible for said officers to hereafter work together in the proper relationship and atmosphere and that any attempt to do so would be impractical and not in the public interest." Hence the order recited that, under the authority of Code section 4235, Deputy Sheriff Castle was thereby removed from office as deputy sheriff of Montgomery County, effective that day. On April 27 appellant's counsel gave notice to the court reporter to transcribe his notes in the Abel case. On May 31 Castle filed a bond for appeal from the order.

On June 3, in vacation, Sheriff Patridge filed with the circuit court a sworn affidavit which stated that on April 20, after hearing of the court's removal of his deputy that day, he also orally advised Castle that he was terminating his services, and did terminate them; that on April 23 he dismissed Castle from his employment by a letter, quoted in the affidavit. Thereafter Castle turned over to the sheriff his set of keys to the sheriff's office. The affidavit averred that, while the sheriff was not a party to the Castle matter, "he feels

that the outcome of this case in the Supreme Court may at least indirectly affect his office, and consequently he presents this affidavit and statement and makes this motion that the same be received and filed and made a part of the record on appeal in this cause . . ." The circuit judge entered a vacation order, dated June 3, stating that, after having read and considered the affidavit and motion of the sheriff, it was ordered that they be filed and be made a part of the record on Castle's appeal to this Court.

Appellant filed a motion to strike those portions of the record containing the sheriff's affidavit and motion, and the circuit judge's order directing it to be incorporated in the record. The motion points out that the order was entered in vacation after an appeal had been taken, and without notice to appellant. He asserts the "affidavit sheds no light on the controversy now being submitted on appeal and is wholly irrelevant thereto . . .," and the question is the authority of the circuit judge to remove the deputy sheriff, not the power of the sheriff to take such action. The motion does not question the truthfulness of facts asserted in the sheriff's affidavit. Appellant's brief concedes that the sheriff had power of summary removal of his deputy, "had he seen fit to exercise it . . ." It does not deny the truthfulness of the affidavit, and does not deny that the sheriff has removed him from office as his deputy.

The Attorney General's brief, in support of the circuit judge's removal order, does not mention the sheriff's affidavit, and does not affirm or deny that he removed Castle as deputy on the same date the circuit court entered its order.

The question at the threshold of this case is whether the attack in this appeal upon the removal order of the circuit court is moot, because on the same date the sheriff, with complete power under section 4235 to re-

move his deputies "at pleasure", dismissed Castle from that job.

█ █ A decision on appeal should be limited to a consideration of and ruling upon those issues necessary to a proper disposition of the appeal. A court should not ordinarily go further and express an opinion on other matters. █ █ The function of appellate courts is not to give opinions on merely abstract or theoretical problems, but only to decide actual controversies. Accordingly, we will not pass upon moot questions or cases. 5 Am. Jur., 2d, Appeal and Error, § 760-763; Orgill Bros. & Co. v. Roddy, 227 Miss. 291, 86 So. 2d 37 (1956); Brumfield v. Kenna, 209 Miss. 731, 48 So. 2d 357 (1950). The affidavit by the Sheriff of Montgomery County states that, on the date of the court's removal order, he also revoked Castle's appointment as a deputy sheriff, and removed him from such office. Under Miss. Code 1942, Rec., section 4235, the sheriff may do this "at pleasure." No formal charges or hearing are required where a public officer holds only at the pleasure of superiors. 43 Am. Jur., Public Officers, § 213; 67 C.J.S., Officers, '§ 60; Anno., 99 A.L.R. 336, 391 (1935). Hence if we can take notice of this fact, Castle is no longer a deputy sheriff and the case is moot.

█ █ Matters which occur after the judgment appealed from ordinarily should be presented to this Court by a plea in bar, with attached affidavits. Insured Savings and Loan Assn. v. State ex rel Patterson, Att. Gen., 242 Miss. 547, 135 So. 2d 703 (1961). However, this Court may of its own motion dismiss a moot case whenever it has been properly brought to the court's attention. Ibid., 242 Miss. at 558; Pafhausen v. State, 94 Miss. 103, 47 So. 897 (1908); McDaniel v. Hurt, 88 Miss. 769, 41 So. 381 (1906); Lee v. Board of Supervisors of Covington County, 179 So. 274 (Miss. 1938); Moran v. Murphy, 187 Miss. 633, 193 So. 29 (1940).

■■■ The circumstances and status of this case warrant us in taking judicial notice of the facts recited in the affidavit of the sheriff. It is not a part of the appeal record, since the trial court, without notice to appellant, directed it to be made a part of the record. However, the affidavit is a sworn statement of facts made by the sheriff, the public officer who had unrestricted authority to discharge appellant. Moreover, the circuit judge directed, in effect, that the affidavit be called to the attention of this Court. Undoubtedly the intervening fact of appellant's discharge could have been presented to this Court by a plea in bar with attached affidavits. Insured Savings and Loan Assn. v. State, *supra*. Furthermore, appellant in his motion to strike the affidavit does not deny its correctness, but contends only that it is not relevant. Yet we cannot consider the trial court's removal order if the sheriff has in fact discharged Castle. His brief does not deny the correctness of the facts stated in the affidavit.

■■■ In sum, we think all of these circumstances warrant the court taking cognizance of the facts stated in the affidavit of the sheriff, on our own motion. That being done, the attack upon the circuit judge's removal order is moot. Since pending appeal appellant has been removed from office by the sheriff, any question concerning validity of the court's order is a merely abstract or theoretical problem, not a justiciable controversy. See In re Bishop, 211 Miss. 518, 52 So. 2d 18 (1951). Accordingly the appeal is dismissed.

Appeal dismissed.

*McGehee, C. J., and Kyle, Rodgers and Jones, JJ.,* concur.