WALKER, Justice:
This is an appeal from the Circuit Court of the Second Judicial District of Bolivar County, Mississippi, which voided the general election for Board of Aldermen of the City of Mound Bayou, Mississippi, held on June 5, 1973, and ordered that a new election be held.
The petitioners in the court below were Milburn J. Crowe, Olevia Johnson and Wesley Liddell, the unsuccessful candidates for aldermen. The defendants were Herman Johnson, Sr., Annyce Campbell, Lawrence Thompson, Mary S. Huddleston and Harold Ward, the successful candidates, and Minnie L. Fisher, Joseph Woods and Vera Fields, the election commissioners of the City of Mound Bayou. The election contest was brought under authority of Mississippi Code 1942 Annotated section 3287 [now Mississippi Code Annotated section 23-5-187 (1972)]. After numerous preliminary motions, one of which ironical *475 ly was a motion to dismiss filed on behalf of Minnie L. Fisher, Joseph Woods and Vera Fields, the election commissioners, on the ground that they were not proper parties to the election contest, a hearing was had before a special circuit judge. A jury having been waived, the special judge found that fraud was committed in the conduct of the election in that the election laws had been violated in material ways and that the will of the voters could not be determined. Consequently, he declared the election void and ordered that a new election be held.
Thereafter, within the time provided by law, the appellants, Minnie L. Fisher, Joseph Woods and Vera Fields, the election commissioners, and Herman Johnson, Sr., Annyce Campbell, Lawrence Thompson, Mary S. Huddleston and Harold Ward, the successful candidates, gave notice of appeal to the court reporter; however, they failed to file a proper appeal bond within the prescribed period. Upon a motion by appellees in this Court to dismiss the appeal, it was contended by the election commissioners and the successful candidates for aldermen that they were officials within the meaning of Mississippi Code Annotated section 11-51-101 (1972) and were therefore entitled to appeal without bond. We ruled in favor of the election commissioners but held that the aldermen-elect were not entitled to appeal without bond, and since no timely bond was filed by them, that the appeal should be dismissed as to them. Fisher v. Crowe, 289 So.2d 921 (Miss.1974).
At the time the motion to docket and dismiss the appeal was filed and ruled upon by this Court, the transcript of the record was not before us, and there was no contention that the election commissioners were not proper parties to the appeal. However, upon a careful reading of the record, we are of the opinion that since the successful candidates to the election failed to perfect their appeal that there is now no justiciable issue remaining before the Court. Mississippi Code Annotated section 23-5-187 (1972) provides, in part, that:
A person desiring to contest the election of another person returned as elected to any office . . . may, within twenty days after the election, file a petition in the office of the clerk of the circuit court of the county, setting forth the grounds upon which the election is contested; and the clerk shall thereupon issue a summons to the party whose election is contested. . . . (Emphasis added).
The only proper defendant in an election contest under this section is the successful party in the election. The issues which are made up and joined are between the unsuccessful and the successful candidate in the election and no others. This is true even though the proof involving irregularities or fraudulent conduct would perhaps involve the election commissioners. We are, therefore, of the opinion that the election commissioners were improperly joined as defendants in the first instance in the election contest.
The only function of the election commissioners was to conduct the election and certify the results. Once this was done, they had no such beneficial interest in the outcome of the election that would give them a right to appeal from a judgment voiding the election.
When the appeal was dismissed as to Johnson, Campbell, Thompson, Huddleston and Ward, the order of the lower court became final as between them and the appel-lees who had contested the election. This Court is authorized to decide only actual controversies and accordingly will not pass upon moot questions or cases. Ex parte Shed Castle, 248 Miss. 159, 159 So.2d 81 (1963) ; Insured Savings and Loan Association v. State, 242 Miss. 547, 135 So.2d 703 (1961). cf. M. T. Reed Construction Company v. Jackson Municipal Airport Authority, 227 So.2d 466 (Miss.1969); Sartin, Circuit Clerk v. Barlow, Dist. *476 Atty., ex rel. Smith, 196 Miss. 159, 16 So. 2d 372 (1944).
We would point out that there are instances when election commissioners would be necessary parties to an appeal such as in Mississippi State Board of Election Commissioners et al. v. James H. Meredith, Miss., 301 So.2d 571 (handed down October 16, 1974), where the Mississippi Election Commission refused to place Meredith’s name on the ballot; he appealed for a judicial review of the ruling to the circuit court which upheld his position; and thereafter, the State Board of Election Commissioners appealed to this Court. However, the controversy there was between Meredith and the commissioners and not the other parties to the election.
Appeal dismissed ex mero motu.
GILLESPIE, C. J., and INZER, ROBERTSON and BROOM, JJ., concur.