437 So.2d 15 (1983)
CRAWFORD COMMERCIAL CONSTRUCTORS, INC.
v.
MARINE INDUSTRIAL RESIDENTIAL INSULATION, INC.
No. 53860.
Supreme Court of Mississippi.
August 24, 1983.
Corlew, Krebs & Hammond, Frank J. Hammond, III, John G. Corlew, Pascagoula, for appellant.
Harold J. DeMetz, Gulfport, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PATTERSON, Chief Justice, for the Court:
Marine Industrial Residential Insulation, Inc., (hereinafter MIRI) sued Crawford Commercial Constructors, Inc. (hereinafter Crawford) in the Circuit Court of Jackson County on November 12, 1980.[1] The suit sought payment for a roofing contract performed by MIRI for Crawford. Crawford admitted the existence of the contract and performance by MIRI but refused payment because it believed the roof was improperly installed, so that Crawford will ultimately be required to repair it to satisfy the building's owner.
Crawford therefore denied that MIRI was entitled to full payment under the subcontract and counterclaimed for a sum alleged to be necessary to repair the roof to proper standards. The counterclaim was denied by MIRI. At the conclusion of the trial, the trial court granted the defendant MIRI a peremptory instruction and a verdict was returned for it in the amount sued for, $20,980.
Aggrieved, Crawford appeals designating several assignments of error. We limit this opinion to the first suggested error as it is dispositive of the suit, in our opinion. It follows, "The Circuit Court erred in granting *16 a peremptory instruction and/or directed verdict for Appellee and instructing the jury to return a verdict in favor of Appellee when the evidence showed that Appellee was in breach of the contractual agreement existing between Appellee and Appellant."
We initially observe that Crawford was paid in full for the construction of the building by the owner, and that Crawford has not been sued nor required to pay the owner any sums for the alleged defects in the roof's construction. The above facts were noted by the trial court which led it to grant the peremptory instruction. We agree because it appears to us that Crawford's claims are conjectural. While it may be true that Crawford in the future will be called upon by the owner to repair the defects, if any, the fact remains that no demands had been made upon Crawford for any defects at the time of this suit.
Under our authorities there must be a present, existent actionable title or interest which must be completed at the time the cause of action is filed. American Book Co. v. Vandiver, 181 Miss. 518, 178 So. 598 (1938). A mere inchoate right is not sufficient and neither is a prospective danger of injury. Brooks v. Kelly, 63 Miss. 616, 627 (1886). See also Yates v. Beasley, 133 Miss. 301, 97 So. 676 (1923). In Georgia Pac. Ry. Co. v. Baird, 76 Miss. 521, 24 So. 195, 196 (1898), this Court addressed the issue in the following words, "It is certainly an undisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced... ." See also Brown Brothers & Co. v. The Bank of Mississippi, 31 Miss. 454, 459 (1856), wherein it is stated, "we consider it to be the well-settled, general rule, that the facts which constitute the ground of a suit must exist at the time the suit is instituted ..."
We therefore conclude the trial court did not err in granting the peremptory instruction because Crawford did not have a present, existing cause of action when the suit was instituted. We therefore do not address the other assignments of error.
AFFIRMED.
WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Which was prior to the effective date of the Mississippi Rules of Civil Procedure, January 1, 1982. This opinion, therefore, has no limitation upon or intended construction of any of the rules later adopted on January 1, 1982.