BRIDGES, J., for the court.
¶ 1. Now comes round two of the divorce proceeding between Ruby Joyce Stines Ladner (Joyce Ladner) and Luther Lad-ner (Luther). They filed for divorce in the Pearl River County Chancery Court. The chancellor granted Luther’s motion for a new trial after finding that Joyce and several of her witnesses had perjured themselves, and entered amended findings of fact, conclusions of law, and a new final judgment on June 18, 2001. Joyce appealed without supersedeas bond for an increase in her portion of the marital property. This appeal now comes before this Court after a motion was filed by Luther to consolidate Joyce’s appeal from the divorce judgment and his appeal from the order of divestiture, which the supreme court denied. Ladner v. Ladner, No.2001CA-01771.
STATEMENT OF ISSUES
I. DID THE COURT ERR IN THE CLASSIFICATION OF ASSETS?
II. DID THE COURT ERR IN THE DIVISION OF MARITAL PROPERTY?
III. DID THE COURT ERR IN DENYING ALIMONY TO JOYCE LADNER?
IV. DID THE COURT ERR IN DENYING ATTORNEY’S FEES TO JOYCE LADNER?
*707 FACTS
¶ 2. Luther and Joyce had been married twice with a previous divorce that lasted less than one year; in toto, their married life together lasted thirty years. The Lad-ners reared two children, both emancipated at the time of their second divorce. Luther Ladner has a high school education and significant business skills; Joyce Lad-ner has an eighth-grade education, and no significant job skills, as she remained a housewife during her marriage, although she did aid Luther in some farm work.
¶ 3. Joyce filed for divorce on grounds of habitual cruel and inhuman treatment and adultery. Ladner moved to join the Lad-ners’ son Prentiss Ladner (Prentiss) to the suit as a third-party defendant to quiet title to property transferred to Prentiss by Joyce, claiming that the property was part of the marital estate. The court granted the motion and following the trial granted Joyce a divorce on grounds of uncondoned adultery, and reserved a ruling on the division of marital property until the parties submitted proposed findings of fact and conclusions of law.
¶ 4. The parties submitted findings of fact and conclusions of law, and the court entered a final judgment on June 15, 2000. Luther filed a motion for JNOV or, in the alternative, a new trial on June 23. Luther alleged numerous errors in the findings of fact, and charged that Joyce and Prentiss as well as other witnesses for Joyce had perjured themselves regarding the nature of the property that Joyce had transferred to Prentiss. Luther maintained that it was indeed marital property. The chancellor granted Luther’s motion, and following a new hearing adjudged that Joyce and Prentiss had perjured themselves, and the court amended its findings of fact, conclusions of law, and final judgment to reflect the results of the new hearing.
¶ 5. The property division was substantially revised. The court found that the eighty acres that Joyce had transferred to Prentiss had been marital property. Additionally, the court found that Luther did not hide assets from the sale of farm inventory and equipment from Joyce, as she had argued. The court retracted its initial award of $80,000 from the dissolution of the farm, and awarded Joyce the eighty acres as a portion of her marital property.
STANDARD OF REVIEW
¶ 6. This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous, or applied an erroneous legal standard. Flechas v. Flechas, 791 So.2d 295, 299(¶ 7) (Miss.Ct.App.2001).
ANALYSIS
I. DID THE COURT ERR IN THE CLASSIFICATION OF ASSETS?
II. DID THE COURT ERR IN THE DIVISION OF MARITAL PROPERTY?
¶ 7. This Court combines these two issues because they are based on the same principles of law. This Court’s scope of review in domestic relations matters is limited. Montgomery v. Montgomery, 759 So.2d 1238, 1240(¶ 5) (Miss.2000). “Our familiar standard holds that, absent an abuse of discretion, we will uphold the decision of the chancellor. To disturb the factual findings of the chancellor, this Court must determine that the factual findings are manifestly wrong, clearly erroneous or the chancellor abused his discretion.” Hollon v. Hollon, 784 So.2d 943, 946(¶ 11) (Miss.2001).
¶ 8. Joyce assigns as error the court’s determination that the eighty acres of property that she had conveyed to Pren-tiss constituted part of the marital proper *708 ty. Joyce mistakenly relies on the first findings of fact offered by the court. The court plainly explains that its initial findings, that the eighty acres was not marital property, was based on perjured testimony, and that in the subsequent hearing the proof showed that the property was part of the marital estate. Joyce fails to explain where the court erred or even cite to the amended findings of fact, conclusions of law, and final judgment.
¶ 9. The same exact thing can be said for the second issue. The court’s division of marital property changed slightly from its initial determination, following the second trial where Joyce and Prentiss’ perjury came to light. Based on the proof presented by Luther, the court determined that Joyce was not owed $80,000 from the sale of farm inventory and equipment, and that the eighty acre parcel she had conveyed to Prentiss remained a part of the marital property. In the amended new judgment, the court assigned those eighty acres as part of Joyce’s portion of the marital estate. Again, Joyce does not provide evidence of clear error, and she does not address the role that her perjury played in the amended findings of fact, conclusions of law, and final judgment.
¶ 10. The same conclusion applies to both of these issues. Since Joyce failed to consider the amended findings of fact, conclusions of law and final judgment, but instead relies on the original judgment, her issues referring to that original judgment are considered moot and are not to be reviewed by this Court. Sheldon v. Ladner, 205 Miss. 264, 38 So.2d 718, 720 (1949).
III. DID THE COURT ERR IN DENYING ALIMONY TO JOYCE LADNER?
¶ 11. In Mississippi, the award of alimony lies within the sound discretion of the court. Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993). The record indicts that the Armstrong factors were taken into consideration in the conclusions of law by the chancellor and are therefore considered forth with. Further, alimony is not to be awarded when the division of the marital assets provides adequately for the maintenance of both parties. Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994). One of the many factors in determining an award of alimony is fault or misconduct. Crowe v. Crowe, 641 So.2d 1100, 1105 (Miss.1994). Joyce argues that Luther’s fault in concealing a portion of the proceeds from the sale of farm assets was so great that she should be entitled to an award of those monies.
¶ 12. Joyce again willfully ignores the fact that the chancellor found that she had perjured herself, which resulted in the amended final judgment lessening her award. Joyce does not demonstrate that she did not perjure herself, and does not even address her own fault, going so far as to suggest to this Court that an appropriate remedy might be to increase her share of the marital assets, rather than awarding alimony. Despite her perjury, Joyce received the contested eighty acres as a portion of the marital assets due her; accordingly, we find that the chancellor did not err in denying Joyce alimony, as the proof does not support a finding of an abuse of discretion on the court’s part.
TV. DID THE COURT ERR IN DENYING ATTORNEY’S FEES TO JOYCE LADNER?
¶ 13. Joyce argues that the court erred in denying her an award of attorney’s fees because the court did not make a finding that she was able to pay her attorney’s fees. This is a fundamental misstatement of the law: if Joyce wanted to receive attorney’s fees, she should have presented evidence supporting that request. Benson v. Benson, 608 So.2d 709, 712 (Miss.1992). There is no evidence on *709 the record of either Joyce’s inability to pay her attorney, nor of the difficulty of the case, nor of the time and labor involved in providing Joyce with adequate representation, nor of the customary charges for similar services in the community, as required. McKee v. McKee, 418 So.2d 764, 767 (Miss.1982). Consequently, we find that the court did not err in declining to award Joyce attorney’s fees.
CONCLUSION
¶ 14. Joyce Ladner assigns as error the court’s determination that the eighty acre parcel she conveyed to her son Prentiss was marital property. Joyce also argues that she is due alimony, that the court did not properly divide the marital estate, and that the court improperly denied her attorney’s fees. While making these arguments, Joyce conveniently ignores the fact that the court found that she had perjured herself, and that Prentiss had perjured himself, and that the court explicitly stated that the aforementioned perjury ultimately resulted in the changed division of the marital estate. Considering the curious event of the perjury and the unique absence of the second hearing and the amended findings of fact, conclusions of law, and final judgment from Joyce’s argument, as well as an absolute dearth of facts in support of that argument, we find that the chancellor did not err.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.