FAIR, J., for the Court:
¶ 1. The Washington County Circuit Court affirmed the discharge of Charles Patterson, Greenville’s former chief of police. Chief Patterson now appeals asserting that the city council’s decision violated his constitutional or statutory rights, was arbitrary or capricious, or was beyond the agency’s power. Finding that the city council’s decision to discharge Chief Patterson was within its discretion, we affirm.
FACTS
¶ 2. Greenville was to host a fair in April 2010, and it was rumored that a fight would occur on the fairgrounds. Chief Patterson ordered several off-duty officers, who were working as private security at the fair, to take their police vehicles and *631 park them somewhere visible. Mayor Heather McTeer was absent, and Vice Mayor Kenneth Gines was acting in her stead. Vice Mayor Gines asked Chief Patterson to rescind his order and advised him that it was a violation of law to use city vehicles for private security work. Chief Patterson refused to do so.
¶ 8. After meeting with the city council, Vice Mayor Gines again asked Chief Patterson to countermand his prior order. When Chief Patterson refused, he was suspended for three days. Following the meeting, Chief Patterson drove out to the fairgrounds in his police vehicle and instructed the off-duty officers there to move their vehicles to a nearby police substation. Lieutenant Ernest Sanders drove to the fair in his private vehicle, and Chief Patterson ordered him to go get his police vehicle.
¶ 4. In December, the city council held a hearing where four officers testified. Chief Patterson denied the allegations against him, but the city council unanimously voted to discharge him for malfeasance and the willful violation of a direct order. Chief Patterson appealed his dismissal to the Washington County Circuit Court, which affirmed the council’s decision.
STANDARD OF REVIEW
¶ 5. “The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency’s scope or powers; or violated the constitutional or statutory rights of the aggrieved party.” Bd. of Law Enforcement Officers Standards & Training v. Butler, 672 So.2d 1196, 1199 (Miss.1996).
¶ 6. Substantial evidence has been defined as “evidence that a reasonable person would accept as adequate to support a conclusion.” Miss. Transp. Comm’n. v. Anson, 879 So.2d 958, 963 (¶ 14) (Miss.2004). “It is something more than a mere scintilla or suspicion.” Id. (quoting Public Employees' Retirement System v. Marquez, 774 So.2d 421 (Miss.2000). An act is considered arbitrary “when it is not done according to reason or judgment, but depending on the will alone.” Burks v. Amite Cnty. Sch. Dist., 708 So.2d 1866, 1370 (¶ 14) (Miss.1998). An act is capricious when “done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles.” Id.
DISCUSSION
¶ 7. Under the Greenville Code of Ordinances, section 2-87 provides: “The office of chief of police shall be filled by appointment by the city council; and the chief so appointed shall serve for a term of two (2) years or until removed by the city council in its discretion.”
¶ 8. The Mississippi Supreme Court has held that where an “office is held at the pleasure of the appointment power, and where the power of removal is exercisable at its mere discretion, it is well settled that the officer may be removed without notice or hearing.” Ware v. State, 72 So. 237, 238 (Miss.1916). In Ex parte Castle, 248 Miss. 159, 160, 159 So.2d 81, 82-83 (1963), our supreme court considered the discharge of a deputy sheriff. Under the Mississippi Code of 1942, section 4235 stated that the sheriff could discharge deputies “at pleasure.” Castle, 248 Miss, at 163-64, 159 So.2d at 83. The supreme court found that no formal charges or hearings were required where a public officer holds his office only at the pleasure of superiors. Id. at 164, 159 So.2d at 83.
*632 ¶ 9. But under Greenville Code section 2-3, the chief of police is an appointed officer, and section 2-6 provides a procedure for removing such officers:
(a) Grounds. Any city officer may be removed from office by the council for nonfeasance or malfeasance of duty; for willful violations of the ordinances of this city or for drunkenness in office.
(b) Hearing. Charges against any such officer shall be presented in writing to the council in open session; the officer being so charged shall be furnished a copy of such charges. The council shall fix a time for the hearing of such charges not less than five (5) days thereafter ....
¶ 10. Here, the record shows that Chief Patterson was terminated for malfeasance and provided with notice and a hearing. There is evidence that Chief Patterson allowed public property to be used for private employment in violation of section 21-17-5(2)(g) of the Mississippi Code Annotated (Supp.2012) and the instructions of the city council and vice mayor. He was expressly advised that an attorney general’s opinion had previously been issued to the city advising that police vehicles could not be used by off-duty police officers moonlighting as private security officers. Miss. Att’y Gen. Op., 93-0929, 1994 WL 117370, Blass (Mar. 30, 1994). On November 16, 2010, Chief Patterson received notice of the hearing from the city council. At his request, the hearing was postponed until December 6, 2010. At the hearing, the city council heard testimony from three witnesses and Chief Patterson himself before unanimously voting to terminate Chief Patterson.
¶ 11. Under section 2-87, Chief Patterson could have been removed from his position as chief of police at the discretion of the city council at any time, with or without cause. Under section 2-6, the council had to follow a specific procedure to remove Chief Patterson. The council followed the more stringent requirements of section 2-6. Considering the evidence presented, we find that the city council was within its discretion to discharge Chief Patterson. Its decision was not arbitrary or capricious, and was supported by substantial evidence.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND JAMES, J.